Department of State, Commission of Professional and Occupational Affairs, State Real Estate Commission, *v.* James E. Bewley.

Argued November 18, 1970, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO and MENCER.

*Frederick R. Taylor*, with him *Dechert, Price & Rhodes*, for appellant.

*Steven Kachmar*, Assistant Attorney General, with him, *Fred Speaker*, Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, filed January 11, 1971.

This appeal is from an adjudication of the State Real Estate Commission revoking appellant's license as a real estate broker. Appellant, James E. Bewley, challenges the revocation on two grounds: first, that the Commission's findings of fact do not support the conclusions of law upon which the revocation order was based, and second, that the Commission under the circumstances abused its discretion in revoking his license.

The Commission originally acted on the basis of a complaint submitted by Alice P. Graham, a client of the appellant. The complaint set forth the detailed circumstances of an unsuccessful real estate transaction in which appellant acted as agent for Mrs. Graham. The sale was not consummated. Mrs. Graham charged in her complaint that appellant actively used deceptive tactics to reduce her profit from the sale, to keep her ignorant of various material terms of the agreement of sale, and generally to have conducted his real estate business in a manner contrary to the explicit provisions of the Real Estate Brokers' License Act of May 1, 1929, P. L. 1216, as amended, 63 P.S. 431.

After the issuance of a Citation a hearing was held in accordance with Section 10(b) of the Act. Thereafter, the Commission made specific findings of fact based upon the testimony and evidence admitted at the hearing. In addition to finding that the procedural

elements of due process had been met with respect to appellant's rights, the Commission made the following findings of fact:

". . . .

6. In listing the property with respondent, complainant advised him that she wanted $12,500.00 for the aforesaid property.

7. Respondent advised complainant that he had a buyer who would pay $12,000.00 for the property.

8. Respondent produced an agreement for signature by complainant dated May 12, 1966, which provided among other things for a purchase price of $12,000.00.

9. Respondent also produced an agreement for signature by complainant which was a blank but which Respondent was to fill in showing a consideration of $12,800.00 for the sale of the aforesaid property.

10. The agreement referred to in paragraph 8 above contained no reference to the amount of a mortgage, but the agreement referred to in paragraph 9 above, indicated a mortgage of $12,600.00.

11. The agreement specifying $12,800.00 as the purchase price, was to enable the purchaser to procure $800.00 to complete the purchase.

12. The $12,800.00 designated as the purchase price, was an inflated price to enable buyer to procure a mortgage of sufficient funds to complete settlement.

13. Neither agreement . . . contained any clause specifying that complainant would be obliged to pay 'points' for the procurement of a mortgage to enable purchaser to complete settlement for the purchase of the property.

14. Complainant was not aware of her requirement to pay 'points' until the day of settlement at which time she learned that she would be required to pay $868.00.

15. Complainant did not get a copy of the settlement sheet because settlement was not completed but complainant's share of the transfer tax due on the sale was based on the $12,800.00 sales price.

16. When complainant listed her property with Respondent, she was advised and therefore expected to receive $1,000.00 as her share of the proceeds of any sale.

17. At no time did Respondent give complainant a copy of estimated settlement costs and charges.

18. At the time of settlement, on the basis of the figures submitted to her on a settlement sheet, a copy of which she never received, including transfer taxes and 'points' as stated in paragraphs 13 and 14, complainant would be required to pay $300.00 to enable settlement to be completed.

19. At Respondent's instance and request, complainant permitted purchasers to move into premises at a rental lower than her carrying charges therefor.

20. At the time of settlement, at Respondent's instance and request, complainant leased premises to purchasers, receiving as the first month's rent, part of the deposit paid by purchaser to Respondent.

21. At the time of the transaction between complainant and Respondent, Respondent did not have an escrow account or proper office records.

22. At the time of an inspection of Respondent's office by an investigator employed by the Commissioner of Professional and Occupational Affairs, on August 7, 1968, Respondent did have an escrow account."

We find no basis in the record before us to reject these findings as they are unquestionably supported by substantial evidence. It is not the proper function of a reviewing court to reexamine the testimony and other evidence as to its interpretation unless it is clear from such record that the findings of fact are not substan-

tially supported by such evidence. In *State Real Estate Commission v. Negoescu*, 87 Dauphin 297, 304 (1967), the Court said: "[I]t is the duty of the Court to see that the findings of fact are supported by competent evidence, but not to see if other findings could have been made."

Yet, even though the findings of fact are determined to have satisfied the so-called "substantial evidence" rule, such findings must also support the conclusions of law made by the Commission if its adjudication is to stand.

In the adjudication, the Commission cited nine subsections of the Real Estate Brokers' License Act to which appellant's conduct might make him subject. On the basis of its findings of fact, the Commission concluded as a matter of law that he was guilty of only two of those originally enumerated in the Notice of Citation. Appellant's conduct was determined to be in violation of Section 10(a) (1)[1] of the Act "[o]f knowingly making any substantial misrepresentation", and of Section 10(a) (7)[2] "[o]f any act or conduct in connection with a real estate transaction which demonstrate incompetency, bad faith, or dishonesty". Despite lengthy allegations in the complaint, appellant was not found to have undertaken a continued course of conduct so as to be guilty of "flagrant misrepresentation" under Section 10(a) (3)[3] of the Act or to have so mishandled his escrow account as to fall under Section 10(a) (11)[4] of the Act.

It is in this area that this appeal poses some difficulty which directly relates to appellant's basic contention that the penalty imposed by the Commission in revoking appellant's license was an abuse of discre-

---

[1] 63 P.S. 440(a) (1).

[2] *Id.* §(a) (7).

[3] *Id.* §(a) (3).

[4] *Id.* §(a) (11).

tion under the circumstances of this case; and which revocation appellant would have this Court modify, presumably to a suspension of unspecified duration.

Does this Court possess the authority to modify the penalty imposed by the Commission, and, if so, by what criteria or standards does it act? Alternately, must it or may it remand the case to the Commission for further consideration by it?

The Dauphin County Court, which heretofore enjoyed jurisdiction over appeals from state administrative agencies, considered these questions on several occasions. In *State Real Estate Commission v. Evers,* 89 Dauphin 158, 161-63 (1968), having found that two of eight conclusions of law made by this same Commission were not supported by the findings of fact, the Court nevertheless felt constrained not to modify a revocation nor to remand the case. In discussing the question it said:

"Section 44 of the Administrative Agency Law [Act of June 4, 1945, P. L. 1388, 71 P.S. 1710.44] under which this appeal was taken directs us to hear it on the record made before the Commission and then further provides:

'After hearing, the court shall affirm the adjudication unless it shall find that the same . . . is not in accordance with law, . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may set aside or modify it, in whole, or in part, or may remand the proceeding to the agency for further disposition in accordance with the order of the court.'

Section 2 of this same Act defines an 'adjudication' to be:

'. . . any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities or obligations of any or

all of the parties to the proceeding in which the adjudication is made. . . .'

Considering these two sections together, they suggest that where an administrative adjudication is not in accordance with law or an essential finding of fact is not supported by substantial evidence, the court is afforded discretion to either remand the case to the administrative agency for further proceedings or to retain jurisdiction over it and finally dispose of it by setting aside or modifying the final order or other action of the administrative agency which constitutes its 'adjudication' as defined by statute.

In at least two recent cases we have reached such a conclusion where modification of an adjudication was indicated, although we did so without extended discussion. In State Real Estate Commission v. Campbell, 85 Dauph. 233 (1966), having decided that one of six legal conclusions of an administrative agency was not supported by substantial evidence, we found the penalty of revocation of licensure too severe and modified it to one of six months suspension. In Pennsylvania State Board of Pharmacy v. Pastor, 88 Dauph. 273 (1967) having decided that one of two legal conclusions of the Board was not supported by substantial evidence, we found a revocation of licensure too severe and modified it to one of six months suspension.

The discretion reposed in the court by these statutory provisions, however, is not unlimited. In Pennsylvania State Athletic Commission v. Bratton, 177 Pa. Super. 598 (1955), we set aside an adjudication for palpable procedural shortcomings, the absence of findings of fact and unfounded conclusions, and in doing so refused to remand the case to the administrative agency for further proceedings. In concluding that there was an abuse of judicial discretion, the Superior Court stated (pp. 605, 606) :

'Under the circumstances, it was clearly an abuse of the discretionary power of the court where it set aside the administrative proceeding for noncompliance with the Administrative Agency Law and as lacking in due process and did not remand to the administrative body for further action and disposition. Although the judiciary, through the application of fundamental law, may act as a check upon excesses of administrative power, a court in reviewing the adjudication of such an agency should not act in a manner that fails to give full effect to the remedial intent of the law . . . "Courts no less than administrative bodies are agencies of government. Both are instruments for realizing public purposes". Scripps-Howard Radio, Inc. v. Federal Communciations Commission, 316 U.S. 4, 15, 62 S. Ct. 875, 86 L. Ed. 1229, 1237. The failure to remand in the present case resulted in an untenable judicial interference with the administrative function. The distinction between judicial review of administrative discretion and substituting judicial discretion for administrative discretion is by now well recognized. Hotchkiss Liquor License Case, 169 Pa. Superior Ct. 506, 511, 83 A. 2d 398; Booker Hotel Corporation Liquor License Case, 175 Pa. Superior Ct. 89, 93, 103 A. 2d 486. Where the administrative body has made invalid or inadequate findings or has not afforded a fair hearing, the court granting judicial review can and should remand the case to the administrative body "for further proceedings to the end that valid and essential findings may be made [citing cases]". Ford Motor Co. v. National Labor Relations Board, 305 U.S. 364, 373, 59 S. Ct. 301, 83 L. Ed. 221, 230.'

and further (p. 607):

'If after judicial review administrative proceedings remain indefinite and unconcluded, remand for further administrative action is necessary for the fulfillment of the administrative process.' "

Most recently, in *State Real Estate Commission v. Bongiorno*, 89 Dauphin 322 (1968), the Court reduced a revocation to a six month suspension ruling that a single transaction will not support a conclusion of law that the appellant was involved in a "flagrant course of misrepresentation".

These cases indicate that a reviewing court can and will act to modify an order of the Commission where the findings of fact do not "fit" the statutory violations. The Court will not usually take notice of new evidence, such as testimony at a hearing before the court of an otherwise unblemished record as a realtor, *State Real Estate Commission v. Fenstersheib*, 89 Dauphin 306 (1968), but will exercise its discretion under Section 44 of the Administrative Agency Law, *supra*.

In deciding whether to modify the order or to remand, the reviewing court must look at the circumstances of the case before it with great care. As noted, the court should be reluctant to substitute its judgment for that of the concerned administrative agency. Where, as in this case, the findings of fact in an adjudication of an administrative agencyare supported by substantial evidence and where such agency does not disclose in its adjudication how it moved from the findings of fact to its broad conclusions of law, the agency has not performed its full duty. Here, where the Commission concluded that the appellant was guilty of "substantial misrepresentation", as well as bad faith, incompetency, and dishonesty, without demonstrating the logic of these conclusions on the face of the record, we believe that the case is one for remand. Section 34 of the Administrative Agency Law, *supra*,[5] requires that "[a]ll adjudications shall be in writing, shall contain findings and the *reasons for the adjudication*". (Emphasis supplied) 71 P.S. 1710.34. Here, no such reasons are set

---

[5] 71 P.S. 1710.34.

forth, and the discussion in another licensing case would appear to apply.

"[The question is raised] . . . whether the conclusions of law are adequate in that they merely recite sections of the Real Estate Brokers' License Act without an adequate and understandable discussion of the law relating thereto and without properly relating the facts to the law. . . . There may be circumstances in some cases which require discussion to effect a proper understanding of a decision by an agency." *State Real Estate Commission v. Barbary*, 89 Dauphin 152, 157 (1968).

In remanding this case, we believe that the Commission's adjudication is inadequate in another respect. An administrative agency which possesses both the power and authority to enforce the law and to impose penalties for violations found by it to exist, has special duties. In those cases where it is given discretion as to the penalty to be imposed, the agency should disclose in its adjudication the basis upon which it exercised its discretion. Otherwise, neither the person against whom the penalty was imposed nor a reviewing court can possibly determine whether the administrative agency abused its discretion in terms of the penalty. The adjudication in this case is wholly wanting in this respect. This deficiency provides a further reason for remand.

For the foregoing reasons we enter the following

## ORDER

Now, January 11, 1971, the appeal of James E. Bewley from an adjudication of the State Real Estate Commission is hereby sustained to the extent that this matter is hereby remanded to the State Real Estate Commission for further proceedings, including the taking of further testimony, if necessary, and rendering a further adjudication consistent with this opinion.