Commonwealth of Pennsylvania, Insurance Department *v.* Paul Straff, Appellant.

Argued December 4, 1975, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Harvey A. Sernovitz,* with him *Astor & Weiss,* for appellant.

*Andrew F. Giffin,* Assistant Attorney General, with him *Elaine Lytle Mead,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Wilkinson, December 22, 1975:

This appeal arises from the order and adjudication of the Insurance Commissioner issued on March 13, 1975, revoking the public adjuster's license of the appellant. The appellant challenges the validity of the revocation on four grounds, the first and second of which raise the question of whether the record supports the conclusion that the appellant has demonstrated his "untrustworthiness" to transact the business of a public adjuster. The third ground asserts that the Commissioner has not stated his reason for invoking revocation rather than assessing a fine. The fourth ground challenges the constitutionality of Section 6 of the Act of April 25, 1921, P.L. 276, *as amended,* 40 P.S. §306, on the basis that "untrustworthiness" is impermissibly vague and indefinite. We cannot accept appellant's arguments and must affirm the Commissioner.

As to the first two arguments, a careful review of the record does reveal that the conclusion of the Commissioner is supported by the testimony. Not only is there supporting testimony in the record, but it is reviewed and evaluated by the Commissioner, and whether we agree or would have so found ourselves as unimportant, this being the function of the Commissioner.

With these first two arguments, appellant places great reliance on the opinion of Judge Rogers in M*oyer v. State Real Estate Commission,* 1 Pa. Commonwealth Ct. 515, 276 A.2d 327 (1971). This reliance is misplaced, for in *Moyer,* Judge Rogers points out specifically that the Commission found that the respondents did not "knowingly" commit the prohibited acts, but based its conclusions on its findings that respondents were "overzealous." 1 Pa. Commonwealth Ct. at 519, 276 A.2d at 330. In the case before us, the Commissioner has found expressly that appellant was guilty of making false statements.

Appellant's third argument is grounded on President Judge Bowman's accurate and clear statement of the law

in *State Real Estate Commission v. Bewley,* 1 Pa. Commonwealth Ct. 85, 95, 272 A.2d 531, 536 (1971):

> "An administrative agency which possesses both the power and authority to enforce the law and to impose penalties for violations found by it to exist, has special duties. In those cases where it is given discretion as to the penalty to be imposed, the agency should disclose in its adjudication the basis upon which it exercised its discretion. Otherwise, neither the person against whom the penalty was imposed nor a reviewing court can possibly determine whether the administrative agency abused its discretion in terms of the penalty. The adjudication in this case is wholly wanting in this respect. This deficiency provides a further reason for remand.

President Judge BOWMAN was speaking of Section 10 of the Real Estate Brokers' License Act, Act of May 1, 1929, P.L. 1216, *as amended,* 63 P.S. §440, which gives the Commission complete discretion to suspend or revoke licenses under circumstances specified. In the case before us for decision, Section 6, 40 P.S. §306, provides that the Insurance Commissioner shall revoke the license unless, in his discretion, he decides to invoke a fine "in cases warranting such action. . . ." Were he to have invoked a fine in the instant case, then under *Bewley,* he would have to set forth his reasons for selecting the fine. Since he did not exercise his discretion in selecting a fine, there is no requirement that he set forth his reasons for not exercising the discretion.

Appellant's final argument that the statute, which permits the Insurance Commissioner to revoke the appellant's license for "untrustworthiness," is unconstitutionally vague and indefinite is without merit. *See Moore v. State Real Estate Commission,* 9 Pa. Commonwealth Ct. 506, 309 A.2d 77 (1973); *Yingling v. State Real Estate Commission,* 8 Pa. Commonwealth Ct. 556, 304 A.2d 524 (1973).

The writer cannot conclude this opinion without observing that we regard this as a close case. If and when the appellant should reapply for a public adjuster's license, due consideration should be given to the fact that this violation would have more appropriately called for a suspension had the statute so authorized.

Accordingly, we enter the following

### ORDER

Now, December 22, 1975, the order and adjudication of the Insurance Commissioner, dated March 13, 1975, revoking appellant Paul Straff's public adjuster's license, is affirmed.