Raymond P. Wasilak *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board. Raymond P. Wasilak, Appellant.

Argued September 13, 1976, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Robert A. Polin,* with him *Talarico, Polin, Sulman and Lilian,* for appellant.

*James P. Deeley,* Assistant Attorney General, with him *Harry Bowytz,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Mencer, November 18, 1976:

This is an appeal by Raymond P. Wasilak (Wasilak) from an order of the State Civil Service Commission (Commission), which ordered Wasilak "reinstated to his position as Liquor Store Manager II, regular status, without compensation for the time lost between July 26, 1975, and the date he returns to duty which shall be within five days after he provides the Pennsylvania Liquor Control Board with a medical certificate that he will be physically capable of performing the duties of [his position]."

On Saturday, July 26, 1975, Wasilak apparently reported for work by throwing open the doors of the Pennsylvania State Liquor Store No. 0209, staggering towards the counter and facetiously demanding service in an incontinent manner by asking, "What the hell do you have to do to get waited on in this store?" It was alleged his eyes were bloodshot, his speech was slurred and incoherent, and he was unsteady on his feet. It was also alleged that the effect of this conduct on store patrons was, not surprisingly, less than salutary. Because of his apparent conclusion that Wasilak was intoxicated, the store's Manager III felt Wasilak was not in a position to complete his scheduled work shift. Later that day Wasilak was suspended on the charge of reporting for duty in a condition unfit to perform his duties, despite prior warnings.[1]

---

[1] Wasilak had a history of work problems related to his drinking habits and was suspended without pay in March of 1975, at which time he underwent rehabilitative treatment for alcoholism. Personnel action by the Pennsylvania Liquor Control Board (appointing authority) on May 2, 1975 affirmed the March suspension for Wasilak's being on duty in a condition unfit to perform his duties and for being in possession of and drinking from a bottle of whiskey in Store No. 0209. The action also urged Wasilak's continued participation in the recommended alcoholism program and warned Wasilak that "any future failure of competent performance or misconduct will result in your dismissal."

The appointing authority removed Wasilak from his position, effective September 3, 1975. Wasilak appealed to the Commission which, in an adjudication dated January 16, 1976, accepted testimony offered by Wasilak that his staggering gait was due to the irreversible degenerative effects of alcoholism and that he was not intoxicated on the day in question. Concluding that the appointing authority had not supported its charges with substantial and credible evidence, the Commission ordered Wasilak reinstated but denied back pay. The sole issue in this case is whether the Commission abused its discretion by denying back pay.

The Civil Service Act[2] (Act) grants the Commission *discretionary* authority to award back pay.[3] Our scope of review is strictly limited to determining whether that discretion has been abused or an error of law has been committed. *Baron v. Civil Service Commission,* 8 Pa. Commonwealth Ct. 6, 301 A.2d 427 (1973).

Unfortunately, the Commission's adjudication does not indicate on what evidence, if any, it relied in denying back pay.[4] This information is necessary if this Court is to judge whether in the instant case there has been an abuse of discretion.

It is appropriate to restate here what we wrote in *State Real Estate Commission v. Bewley,* 1 Pa. Commonwealth Ct. 85, 95, 272 A.2d 531, 536 (1971):

---

[2] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.1 et seq.

[3] Section 951(a) of the Act, 71 P.S. §741.951(a), reads in pertinent part:

"If such final decision is in favor of the employe, the appointing authority shall reinstate him with the payment of so much of the salary or wages lost by him as the commission *may in its discretion order."* (Emphasis added.)

[4] *See Baron, supra,* 8 Pa. Commonwealth Ct. at 9, 301 A.2d at 429.

An administrative agency which possesses both the power and authority to enforce the law and to impose penalties for violations found by it to exist, has special duties. In those cases where it is given discretion as to the penalty to be imposed, the agency should disclose in its adjudication the basis upon which it exercised its discretion. Otherwise, neither the person against whom the penalty was imposed nor a reviewing court can possibly determine whether the administrative agency abused its discretion in terms of the penalty. The adjudication in this case is wholly wanting in this respect.

So that our role of review may properly be acquitted, we will remand the matter to the Commission for findings of fact and conclusions of law on the narrow question of why Wasilak was denied compensation for the period of his suspension.

Accordingly, we issue our

## Order

And Now, this 18th day of November, 1976, the above-captioned matter is remanded to the State Civil Service Commission for further proceedings consistent with this opinion.