Raymond P. Wasilak, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued February 2, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Robert A. Polin*, with him *Talarico, Polin, Sulman & Lilian*, for petitioner.

*James P. Deeley*, Assistant Attorney General, with him *Harry Bowytz*, Chief Counsel, and *Robert P. Kane*, Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., May 18, 1978:

Raymond P. Wasilak (Appellant) has appealed the supplementary adjudication of the State Civil Service Commission (Commission) denying him back pay for the period of approximately six months between his suspension from his duties as a Liquor Store Manager II and his reinstatement. The Commission's action was taken pursuant to Section 951(a) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.951(a).

Appellant had been suspended and later removed for reporting to work in a condition unfit to perform his duties, *i.e.,* intoxicated, despite prior warnings. He appealed to the Commission, which found that he was

not under the influence of alcohol on the day in question and reinstated him, but denied him back pay. When Appellant appealed the denial of back pay to us, we remanded the case for additional findings and conclusions because the Commission had failed to indicate upon what evidence it had relied in denying back pay. *Wasilak v. Pennsylvania Liquor Control Board*, 27 Pa. Commonwealth Ct. 171, 365 A.2d 910 (1976). On remand, the Commission received no new evidence but made the additional findings that Appellant's conduct and condition on the day in question were such that he failed to meet the standards of performance required of a Manager II and that he was not fit to assume his duties. It further stated that in its earlier adjudication, although there was substantial evidence to support a finding of intoxication, it had given Appellant "the benefit of the doubt" because it was sympathetic to the physical problems which the evidence indicated he was experiencing. Believing it had not abused its discretion in denying back pay, it reaffirmed its earlier decision.

It is well settled that it is within the proper bounds of the Commission's discretion for it to deny back pay while at the same time finding the evidence insufficient to warrant dismissal. *Baron v. Civil Service Commission*, 8 Pa. Commonwealth Ct. 6, 301 A.2d 427 (1973). That is exactly what occurred in the instant case, as the Commission explained in its supplementary adjudication. The record demonstrates that the Commission was correct in stating that there exists substantial evidence from which it could have found that Appellant was intoxicated;[1] it clearly supports the finding of unfitness. Therefore, contrary to Appellant's contention, it was not inconsistent or contra-

---

[1] *See* the complete and pertinent factual discussion in our earlier opinion, 27 Pa. Commonwealth Ct. at 172-3, 365 A.2d at 911.

dictory of its earlier adjudication for the Commission to find that, while Appellant was not intoxicated, his condition still prevented him from fulfilling his employment duties and his conduct was sufficiently serious to warrant denying him back pay. *See Harp v. Pennsylvania Liquor Control Board*, 28 Pa. Commonwealth Ct. 318, 368 A.2d 846 (1977).

Accordingly, we

ORDER

AND Now, this 18th day of May, 1978, the adjudication of the State Civil Service Commission denying back pay to Raymond P. Wasilak for the period from July 26, 1975, to the day he returned to work following his reinstatement, is hereby affirmed.