Selim A. Elias, M.D., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Polk Center, Respondent.

504

Argued December 12, 1980, before Judges WILKIN-SON, JR., WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Barbara L. Smith, Mahany, Roeder & Kirvan,* for petitioner.

*Marlene W. Jackson,* Deputy Attorney General, with her *James S. Marshall,* Assistant Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, March 13, 1981:

This is an appeal by Dr. Selim A. Elias from an order of the State Civil Service Commission (Commission), dated October 23, 1979, and from the November 14, 1979 reaffirmation of that decision which reinstated Dr. Elias without back pay to his position as Physi-

cian II, regular status, at Polk Center, a medical facility administered by the Department of Public Welfare. Dr. Elias challenges only the Commission's refusal to award back pay for the time missed from work as a result of his unwarranted dismissal.[1]

Dr. Elias was notified of his dismissal on October 3, 1978 by Dr. Joseph F. Stewart, Superintendent at Polk Center. The official reasons for the dismissal were unprofessional conduct and insubordination on the part of Dr. Elias. Specifically, the following three incidents were set forth at the hearing before the Commission as grounds for the decision to dismiss: (1) unprofessional conduct by Dr. Elias in placing statements on a patient's medical chart which were critical of another physician's treatment of that patient; (2) insubordination by Dr. Elias when he photographed a patient in an isolation unit in direct violation of rules which prohibited the photographing of patients for any reason; and (3) a written memorandum from Dr. Elias to the Superintendent attacking the Superintendent's competence.

In concluding that the above incidents did not constitute just cause for removal as required by Section 807 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.807, the Commission made the following pertinent findings of fact and conclusions of law:[2]

---

[1] Because of our decision to remand we need not consider Dr. Elias's second argument that the Commission lacks authority to deny back pay for a period in excess of 12 months. However, we refer the Commission to *Losicniecki, infra,* where this Court stated that a seven-month loss of income because of a reinstatement without back pay "could be regarded as being at the severe extreme of the scale. . . ." *Id.* at 199, 395 A.2d at 306.

[2] The Commission further concluded, without explanation, that the removal of Dr. Elias constituted a violation of Section 905.1 of the Act, 71 P.S. §741.905(a) which prohibits discrimination against civil service employees with respect to "recruitment, examination,

6. Appellant was a Civil Service employe in the classification of Physician II, regular status.

7. Appellant testified in his own behalf.

8. The appointing authority presented testimony of five (5) witnesses.

9. In Autumn, 1978, appellant, as physician on call, was contacted, at home, by facility staff in regard to symptoms exhibited by a diabetic patient.

10. Appellant, upon being informed of the medication prescribed by the physician treating that patient, ordered a change in the prescribed dosage.

11. Later, under the Doctor's Progress Notes portion of the patient's medical chart, appellant suggested that another physician be assigned to the case in question.

12. On September 16, 1978, appellant notified the Superintendent of the facility of what he considered the excessive isolation of a resident.

13. Appellant, without receiving prior permission, photographed the isolated resident.

14. Appellant was suspended pending further investigation effective September 22, 1978.

15. On October 3, 1978, appellant met with the Superintendent to discuss his actions. At that time, appellant denied any wrongdoings.

16. The evidence of the appellant is the credible evidence in this appeal.

17. Appellant introduced evidence in support of his charge of discrimination.

---

appointment, training, promotion, retention or any other personnel action . . . because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit facts."

. . . .

The first of the three incidents asserted by the appointing authority involved the comments written upon a medical record. Testimony presented at hearing indicated that that writing, despite its tactless wording, contained an essentially correct medical statement. . . . While possibly improper procedurally this Commission, in no way, can view this action as cause for disciplinary action.

Similarly, we do not view the photograph incident as sufficient basis for removal. While the appointing authority has offered testimony that rules barring the photographing of patients had been promulgated, . . . such rules were not introduced at hearing, nor was any evidence presented that appellant knew of such rules. Accordingly, it is our conclusion that the appointing authority has failed to adequately prove that allegation and such assertion should be denied.

The appointing authority's third basis was a letter from appellant to the Superintendent attacking the Superintendent's competence. The only evidence introduced regarding that item was testimony, . . . not the item itself. Mere testimony that the letter contained insubordinate comments is not, in our opinion, sufficient basis for the removal of an employe.

On the basis of the above findings, the Commission ordered Dr. Elias reinstated but refused to award back pay for the more than one-year period between removal and reinstatement.

The Commission has discretion to determine whether or not a reinstated employee is entitled to back pay. Section 951(a) of the Act, 71 P.S. §741.951

(a).[3] This Court is therefore precluded from modifying or vacating a denial of back pay unless such denial constitutes an abuse of discretion by the Commission. *Baron v. Civil Service Commission,* 8 Pa. Commonwealth Ct. 6, 301 A.2d 427 (1973). It is also well established that although the evidence of a particular case may not constitute just cause for dismissal, the Commission may find the evidence sufficient to warrant less severe disciplinary action in the form of a denial of back pay. *Losieniecki v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 194, 395 A.2d 304 (1978); *Fiegenberg v. Department of Labor and Industry,* 33 Pa. Commonwealth Ct. 570, 382 A.2d 498 (1978). More important, however, is the fact that a denial of back pay must "be based upon criteria which are job-related and which touch in some rational and logical manner upon a person's competency and ability." *Id.* at 573-74, 382 A.2d at 499; *See also Corder v. Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 467, 279 A.2d 368, 371 (1971). Furthermore, in order to vacate a denial of back pay, "our cases demand a finding that the evidence clearly reveals negligible or no job-related culpability on petitioner's part." *Losieniecki, supra* at 198, 395 A.2d at 306.

While the Commission's adjudication is replete with references to the lack of just cause for removal, it is deficient in that it fails to make any findings of fact or conclusions of law concerning the denial of back pay. In order to determine whether the Commission abused its discretion, we must know what evidence the Commission relied on in denying back pay. If the Commission had made some mention of how it

[3] Section 951(a) provides, *inter alia*: "If such final decision is in favor of the employe, the appointing authority shall reinstate him with the payment of so much of the salary or wages lost by him as the commission may in its discretion order."

arrived at the decision to deny back pay, a remand would not be necessary. However, where, as here, the Commission confines its adjudication to the just cause for removal issue and then in summary fashion declines to award back pay, we are left with no alternative but to remand for findings of fact and conclusions of law on the question of why back pay was denied.

The decision to remand is fully in accord with the commentary of our late President Judge BOWMAN in *State Real Estate Commission v. Bewley,* 1 Pa. Commonwealth Ct. 85, 95, 272 A.2d 531, 536 (1971) where he stated:

> In remanding this case, we believe that the Commission's adjudication is inadequate in another respect. An administrative agency which possesses both the power and authority to enforce the law and to impose penalties for violations found by it to exist, has special duties. In those cases where it is given discretion as to the penalty to be imposed, the agency should disclose in its adjudication the basis upon which it exercised its discretion. Otherwise, neither the person against whom the penalty was imposed nor a reviewing court can possibly determine whether the administrative agency abused its discretion in terms of the penalty. The adjudication in this case is wholly wanting in this respect.

Further, to alleviate any doubts, we cite to a more recent case where an order of the Commission was remanded under the same circumstances which confront us now. *Wasilak v. Pennsylvania Liquor Control Board,* 27 Pa. Commonwealth Ct. 171, 365 A.2d 910 (1976). There we stated: "Unfortunately, the Commission's adjudication does not indicate on what evidence, if any, it relied in denying back pay. This in-

formation is necessary if this Court is to judge whether in the instant case there has been an abuse of discretion." *Id.* at 173, 365 A.2d at 911. (Footnote omitted.)

In order to avoid a remand on the back pay issue, we would have to be able to say with certainty either that our reading of the record convinces us that Dr. Elias's conduct as a whole was deserving of some disciplinary action or, alternatively, that the evidence shows no job-related culpability whatsoever. After an in-depth review of the record below, we are of the opinion that the evidence presented is contradictory and subject to several reasonable interpretations. Rather than substitute our own judgment for that of the Commissioners who heard the evidence firsthand, we will remand for findings which explain why back pay was not awarded.

Accordingly, we will enter the following

ORDER

AND NOW, March 13, 1981, the appeal of Dr. Selim A. Elias from an adjudication of the State Civil Service Commission is hereby remanded to the State Civil Service Commission for further findings of fact and conclusions of law consistent with this opinion.

Judge WILLIAMS, JR. concurs in the result only.