Dorsey Justice, Petitioner *v.* Commonwealth of of Pennsylvania, State Civil Service Commission, Respondent.

Argued June 1, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

318

*Terry L. Fromson* and *Louis S. Rulli,* for petitioner.

*James S. Marshall,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, August 3, 1981:

The appellant, Dorsey L. Justice, appeals from an order of the State Civil Service Commission (Commission) which, although reinstating him to his position as a houseparent employed by the Department of Public Welfare (DPW) at the Cornwells Heights Youth Development Center, declined to award him back pay for the period of removal.

The appellant's employment was terminated by the DPW on the ground that he had falsified his employment application by failing to list and fully describe all of his prior criminal convictions. After a hearing the Commission made the following relevant findings of fact:

9. Appellant completed a State Civil Service application for employment which was notarized June 9, 1978.

10. On September 25, 1978, appellant completed a Personnel Data Summary.

11. On both applications, appellant replied 'yes' to questions asking whether he had ever been convicted of a criminal charge.

12. On each application, appellant provided further details, as requested. Such details included only those convictions appellant considered most serious as he could not remember all convictions.

13. On or about October 1, 1978, appellant was interviewed for employment at the Youth Development Center.

14. At that interview, appellant disclosed further information regarding the extent of his criminal record.

15. Effective October 10, 1978, appellant was employed by the appointing authority.

16. On or about November 17, 1978, a criminal history records sheet was prepared by the Pennsylvania State Police.

17. By letter dated December 5, 1978, a staff member of the State Civil Service Commission informed appellant that police records indicated that appellant had not disclosed all convictions and requested further details of all convictions.

18. By letter dated December 11, 1978, appellant replied with a more extensive list of his most serious convictions. Appellant also noted that there could be more which he would not recall and explaining that his failure to include all offences in the application and letter was due to a lack of complete recall.

The Commission concluded that the appellant had not falsified his records and that his removal was for a nonexistent and discriminatory cause in violation of Section 905.1 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* added by Act of August

27, 1963, P.L. 1257, 71 P.S. §741.905a. The Commission ordered him reinstated but declined to award him back pay during the period of his removal.

It is well settled that, although a removal may have been for a discriminatory cause, the Commission may find the evidence sufficient to warrant less severe disciplinary action in the form of a denial of back pay, which has the same effect on the employee as a suspension. *Elias v. Department of Public Welfare,* 57 Pa. Commonwealth Ct. 503, 426 A.2d 762 (1981); *Fiegenberg v. Department of Labor and Industry,* 33 Pa. Commonwealth Ct. 570, 382 A.2d 498 (1978). Like a suspension, however, a denial of back pay must "be based upon criteria which are job-related and which touch in some rational and logical manner upon a person's competency and ability." *Fiegenberg v. Department of Labor and Industry, supra* at 573-74, 382 A.2d at 499.

In the present case the Commission fully supported its conclusion that the employee's failure to explain his criminal convictions did not constitute cause for removal, but it made no findings concerning, nor did it discuss, its order denying back pay.

This case is controlled, therefore, by our decision in *Elias v. Department of Public Welfare, supra* at 508-09, 426 A.2d at 765, wherein Judge PALLADINO wrote:

While the Commission's adjudication is replete with references to the lack of just cause for removal, it is deficient in that it fails to make any findings of fact or conclusions of law concerning the denial of back pay. In order to determine whether the Commission abused its discretion, we must know what evidence the Commission relied on in denying back pay. If the Commission had made some mention of how it arrived at the decision to deny back pay, a

remand would not be necessary. However, where, as here, the Commission confines its adjudication to the just cause for removal issue and then in summary fashion declines to award back pay, we are left with no alternative but to remand for findings of fact and conclusions of law on the question of why back pay was denied.

Accordingly we will remand the case to the Commission for findings explaining its order denying back pay.

## ORDER

AND Now, this 3rd day of August, 1981, the order of the State Civil Service Commission in the above-captioned case is remanded to the State Civil Service Commission for findings of fact and conclusions of law consistent with this opinion.