Dorsey L. Justice, Petitioner *v.* Commonwealth of Pennsylvania, Youth Development Center at Cornwells Heights, Department of Public Welfare, Respondent.

Argued April 4, 1983, before Judges BLATT, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Theodore M. Lieverman,* for petitioner.

*James S. Marshall,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, June 1, 1983:

The Youth Development Center at Cornwells Heights, a facility owned and operated by the Department of Public Welfare (DPW) dismissed Dorsey L. Justice (Petitioner) from its employ for alleged falsification of his civil service application with respect to his police record. Petitioner appealed his dismissal to the Civil Service Commission (Commission) on the ground that his termination constituted discrimination under Section 905.1 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* added by Section 27 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.905(a). The Commission ordered reinstatement without back pay finding that Petitioner's failure to explain his criminal convictions did not constitute cause for dismissal. Petitioner appealed the denial of back pay to the Commonwealth Court. This Court in *Justice v. Civil Service Commission,* 61 Pa. Commonwealth Ct. 317, 432 A.2d 1160 (1981) remanded that issue to the Commission for findings explaining its order denying back pay.

On remand, the Commission upheld the denial of back pay on the grounds that "the actions of appellant substantially contributed to the institution of the

personnel action against him." The Commission reasoned that although removal was improper, Petitioner's "failure to state on the submitted applications either the full extent of such criminal convictions or in anyway indicate that the statements made in said documents were not the full extent of his criminal convictions was a major contributory factor in the appointing authority's decision to remove him."

Petitioner now seeks review of the Commission's supplemental adjudication and order denying back pay.

Section 951(a)[1] of the Act expressly gives the Commission discretion as to back pay awards. To overturn a decision of the Commission denying back pay when ordering reinstatement requires a finding that the evidence clearly revails negligible or no job-related culpability on the employee's part.[2] *Losen-*

---

[1] If a final decision of the Commission is in favor of the employee, "the appointing authority shall reinstate him with the payment of so much of the salary or wage lost by him as the Commission *may in its discretion* order." (Emphasis added.)

[2] Petitioner contends that he did not act in any culpable manner, that he answered the questions concerning his criminal record to the best of his ability but that he could not remember all of his convictions. As a result, he argues that since the Commission found no falsification of his civil service application took place and held that Petitioner should not "be penalized for the failure to produce a complete recital of his criminal history," there is no basis upon which to justify a denial of back pay. We cannot accept this argument, however, because as the Commission stated in its supplemental adjudication:

> Despite our acceptance of appellant's argument that he could not recall the details of all convictions . . ., it is readily apparent that appellant, on neither document, indicated that the provided information did not express his entire criminal history. Even appellant's statements to the individual who conducted his interview . . . do not convince us that appellant at any time made a full disclosure of the full extent of his criminal history.

*iecki v. Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 194, 395 A.2d 304 (1978). The Commission's adjudication ordering no back pay must be affirmed unless denial of back pay constitutes an abuse of discretion. *Id.* A denial of back pay must be based upon criteria which are job related and which touch in some rational way upon a person's competency and ability.[3] *Elias v. Department of Public Welfare,* 57 Pa. Commonwealth Ct. 503, 426 A.2d 762 (1981). The Administrative Agency Law, 2 Pa. C. S. §704 compels this Court to affirm even in cases where we would be inclined to reach a different result, as long as a reasonable mind might reach the same decision on the basis of the evidence before the Commission. *Williams v. Civil Service Commission,* 457 Pa. 470, 327 A.2d 70 (1974). In *Harp v. Pennsylvania Liquor Control Board,* 28 Pa. Commonwealth Ct. 318, 368 A.2d 846 (1977), this Court held that the Commission may reinstate a person without back pay where it believes the facts warrant such action, even though it concludes those same facts do not justify a suspension or removal.

Mindful of the guidelines set forth above, our review of the record reveals that the facts of this case do not show that the Commission abused its discretion by ordering Petitioner to be reinstated without back pay. Petitioner was a houseparent II, and as

---

[3] We find Petitioner's contention that this Court must state a policy for the exercise of discretion by the Commission, to prevent the back pay provision of the statute from being held unconstitutional, to be without merit. This Court has on numerous occasions stated the criteria needed for the Commission to justify a denial of back pay. We also find meritless Petitioner's contention that an employee, found to be discharged for discriminatory reasons, should be entitled to back pay as a matter of course. The Act as written gives agencies an incentive to refrain from illegal discrimination against their employees despite Petitioner's claim otherwise.

such, he was in a position of responsibility and trust. Petitioner failed to communicate to the Commission or his Employer the extent of his criminal record and the extent of his criminal background could not reasonably be perceived from the information he supplied. Consequently, his integrity became questionable. The Commission's employment investigation revealed that Petitioner had been convicted of more than twenty-five criminal convictions but he only apprised his Employer of the major convictions which he could recall. Clearly, these facts can be found to warrant the penalty of the loss of back pay, even though they do not warrant a suspension or removal. *See Fiegenberg v. Department of Labor and Industry*, 33 Pa. Commonwealth Ct. 570, 382 A.2d 498 (1978).

## ORDER

It is ordered that the order of the Civil Service Commission numbered 2755 and dated April 21, 1982, is hereby affirmed.