527 A.2d 586

James L. Kealy, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued April 23, 1987, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Henry F. Coyne,* for petitioner.

*Eileen S. Maunus,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, June 11, 1987:

This is a civil service appeal wherein James L. Kealy, petitions for review of an order of the State Civil Service Commission (Commission) entered upon remand following our decision in *Kealy v. Pennsylvania Liquor Control Board,* 90 Pa. Commonwealth Ct. 477, 496 A.2d 80 (1985) (*Kealy I.*). Kealy contends that the Commission's order granting relief in accordance with our decision in *Kealy I* is erroneous. We shall reverse in part and remand.

The underlying factual background of this case is set forth at length in *Kealy I* and need not be recited here. On July 19, 1985, we reversed the Commission's dismissal of Kealy's civil service appeal and found that the Pennsylvania Liquor Control Board (PLCB) discriminated against him by its application of its county-of-

vacancy promotion preference policy in violation of Section 905.1 of the Civil Service Act (Act).[1] The discrimination consisted of the PLCB's refusal to place Kealy, who lived in Northumberland County, on a certification list for a General Manager 1A position available at its Kulpmont, Northumberland County, store, solely because he was employed in a store outside of Northumberland County.

In our order of July 19, 1985, we remanded this matter to the Commission to fashion a remedy consistent with our finding of discrimination. On remand, the Commission awarded Kealy, as lost wages, the difference between what he earned as a Liquor Store Clerk II and what he would have earned as a General Manager 1A from July 19, 1985, until he was actually promoted to General Manager 1A. The Commission also directed the PLCB to offer Kealy the first General Manager 1A position to become available in Northumberland County and should Kealy turn down that position, his right to receive the wage differential would terminate. The Commission denied Kealy's request for back pay from March 25, 1983,[2] travel mileage reimbursement, and his request for counsel fees. Kealy appealed the Commission's relief order to this Court.

In this appeal, Kealy contends that the Commission erred (1) by refusing to grant him as lost wages the salary differential retroactive to March 25, 1983, rather than just to July 19, 1985; (2) denying him mileage reimbursement for the additional commuting distance

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.905a.

[2] Petitioner's brief interchanges March 23, 1983, March 25, 1983, and April 23, 1983, as the date of the challenged personnel action. Our review of the record and of our prior decision in *Kealy I* satisfies us that March 25, 1983, is the correct date and that is the date that we shall utilize.

he had to travel as a result of his not obtaining the General Manager 1A position at Kulpmont; (3) denying his claim for counsel fees; and (4) that the PLCB was estopped from transferring another general manager to the Shamokin, Northumberland County, store where the vacancy occurred subsequent to the Commission's relief order. We shall discuss these issues in the order stated.

Kealy's initial contention is that the Commission erred when it refused to make its award for lost wages retroactive to March 25, 1983, the date on which the PLCB discriminated against Kealy by virtue of its county-of-vacancy policy, and instead making the award retroactive only to July 19, 1985, the date of this Court's decision and order in *Kealy I*. He argues that the Commission abused its discretion by failing to make his lost wages award retroactive to the date of the challenged personnel action. We agree.

Initially, we note that an award of back pay or lost wages to an employee who successfully challenged a personnel action of an appointing authority is within the discretion of the Commission. *Losieniecki v. Pennsylvania Board of Probation and Parole*, 39 Pa. Commonwealth Ct. 194, 395 A.2d 304 (1978); Section 951(a) of the Act, 71 P.S. §741.951(a). Section 951(b) of the Act, 71 P.S. §741.951(b), pertains specifically to discrimination cases under Section 905.1 and empowers the Commission to ensure that the employee who was discriminated against is given all the rights due to him or her under the Act. We have previously held that the back pay remedies of subsection (a) are applicable to discrimination cases whose remedies are governed by subsection (b) of Section 951. *See Justice v. Youth Development Center at Cornwells Heights*, 61 Pa. Commonwealth Ct. 317, 432 A.2d 1160 (1981), *appeal after remand*, 74 Pa. Commonwealth Ct. 531, 460 A.2d 876 (1983). Thus,

the Commission's decision to grant or deny an award of back pay or lost wages will be upheld by an appellate court unless the Commission has abused its discretion. *Baron v. State Civil Service Commission,* 8 Pa. Commonwealth Ct. 6, 301 A.2d 427 (1973). We have previously noted that an abuse of discretion will only be found where an agency's decision is not supported by substantial evidence. *See Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984).

The case law indicates that an award of back pay or lost wages in discrimination cases is the norm. In order to deny back pay or lost wages to a successful discrimination claimant, the Commission must support that denial with findings and conclusions that are job-related and somehow touch in a logical and rational manner upon the employee's competency and ability. *Cf. Fiegenberg v. Department of Labor and Industry,* 33 Pa. Commonwealth Ct. 570, 382 A.2d 498 (1978). Here, the record clearly shows the lack of any job-related culpability on the part of Kealy that would justify the denial of an award of lost wages. The Commission based its denial of lost wages from March 25, 1983, through July 19, 1985, upon the PLCB's good faith in applying its county-of-vacancy promotion preference policy in reliance upon the Commission's previous approval of that policy. That finding is clearly devoid of any job-related culpability on the part of Kealy and it is not logically nor rationally related to Kealy's competency and ability. Thus, where the Commission's denial of an award of back pay or lost wages is not based upon any, or upon negligible, job-related culpability *on the employee's part,* the denial of back pay or lost wages will be reversed. *See Elias v. Department of Public Welfare,* 57 Pa. Commonwealth Ct. 503, 426 A.2d 726 (1981), *appeal after remand,* 70 Pa. Commonwealth Ct. 255, 452

A.2d 1127 (1982). Accordingly, we shall reverse the Commission's denial of an award of lost wages from March 25, 1983, to July 19, 1985.

Kealy's next contention is that the Commission erred when it denied his claim for mileage reimbursement. He bases his claim for mileage on the difference he had to travel to his Montour County place of work and what his commuting distance would have been had he been promoted to the position in the Kulpmont store. In order to be made whole, he argues, he must be reimbursed for the additional commuting he was required to undertake as a result of the PLCB's discrimination. In denying his request for mileage reimbursement, the Commission stated that such a remedy was not justified under the Act. We agree.

The record is not clear that Kealy would have been promoted to the general manager's position at the Kulpmont store had he in fact been placed on the certification list. *See Kealy I,* 90 Pa. Commonwealth Ct. at 479 n. 2, 496 A.2d at 81 n. 2. Additionally, Kealy sought employment at those stores in Montour County to obtain a full-time position with the PLCB since there were no full-time openings in stores closer to his home, a free and voluntary move of his own choosing. Finally, Section 951(b) of the Act, 71 P.S. §741.951(b), gives the Commission broad discretion in fashioning a remedy to ensure that employees who have been discriminated against as defined by Section 905.1 of the Act, 71 P.S. §741.905a, receives all the rights due him or her under the Act. Under the circumstances presented here, we are satisfied that the Commission did not abuse its discretion by refusing to award Kealy mileage reimbursement.

Kealy also challenges the Commission's denial of an award of counsel fees pursuant to the Act of December 13, 1982 (Costs Act), P.L. 1127, 71 P.S. §§2031-2035.

The Commission denied Kealy's request for counsel fees on the basis that the personnel action giving rise to this proceeding, the denial of his request for promotion on March 25, 1983, took place prior to the effective date of the Costs Act, July 1, 1983, and therefore the Costs Act was not applicable to his case. Kealy argues that since the *Commission's adjudication* on his discrimination claim occurred after July 1, 1983, the Costs Act is applicable and that further he is entitled to an award of counsel fees. For the reasons that follow, we agree with the Commission that Kealy is not entitled to an award under the Costs Act.

Section 3(a) of the Costs Act, 71 P.S. §2033(a), provides:

> (a) Except as otherwise provided or prohibited by law, a Commonwealth agency that initiates an adversary adjudication shall award to a prevailing party, other than the Commonwealth, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer finds that the position of the agency, as a party to the proceeding, was substantially justified or that special circumstances made an award unjust.

Section 2 of the Costs Act, 71 P.S. §2032, defines "adversary adjudication" as follows:

> 'Adversary adjudication.' An adjudication as defined in 2 Pa. C. S. §101 (relating to definitions). The term does not include an adjudication:
>
> (1) Establishing or fixing a rate;
>
> (2) Granting, reviewing, revoking or suspending a license or registration;
>
> (3) Resolving disputes concerning the dismissal, suspension, or discipline of any employee of this Commonwealth; or

(4)   Involving any criminal charges or allegations of official wrongdoing, corruption, malfeasance or misfeasance.

In *Lehotzky v. State Civil Service Commission,* 82 Pa. Commonwealth Ct. 612, 477 A.2d 13 (1984), we held that an employee's appeal of her performance evaluation gives rise to an "adversary adjudication" within the meaning of 71 P.S. §2032. Similarly, Kealy's discrimination claim under 71 P.S. §741.905a gives rise to an "adversary adjudication" within the meaning of 71 P.S. §2032 as it is not a personnel action dealing with the dismissal, suspension or discipline of a Commonwealth employee that is expressly excluded from the definition of that term by 71 P.S. §2032(3). Additionally, since the PLCB discriminated against Kealy by failing to include him in the certification list because of its county-of-vacancy promotion preference policy that gave rise to this discrimination claim under 71 P.S. §741.905a, we are satisfied that it "initiated" the adversary adjudication at issue here within the meaning of 71 P.S. §2033(a).

We agreed with the Commission in *Lehotzky* that the employee was not entitled to an award of counsel fees since her matter predated the effective date of the Costs Act. In *Lehotzky,* both the challenged action and the Commission's adjudication predated the effective date of the Costs Act. Here, the challenged personnel action, occurring on March 25, 1983, was prior to the effective date but the Commission's adjudication was entered on February 23, 1984, after the effective date. We are convinced that the date of the challenged personnel action, not the date of the Commission's adjudication on that challenge, is the key date when determining whether the Costs Act applies, as indicated by our ruling as to the date when Kealy's right to lost wages commenced. In so holding, we note that the Costs Act provides parties an additional remedy and relief that

did not exist previously in either statutory or common law. As such, the Costs Act makes a substantive change in the parties' rights in that it subjects the Commonwealth agency to potential liability to pay costs and counsel fees and gives parties the right to seek an award of counsel fees and costs from a Commonwealth agency when they prevail in an adversary adjudication. A statute is substantive where it places or imposes new legal burdens upon past transactions or occurrences. *Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corp.*, 54 Pa. Commonwealth Ct. 376, 421 A.2d 521 (1980). Section 1926 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1926, provides that "[n]o statute shall construed to be retroactive unless clearly and manifestly so intended by the General Assembly." There is no such clear intent of retroactivity within the provisions of the Costs Act. Accordingly, we must agree with the Commission that it is inapplicable to Kealy's discrimination complaint that occurred prior to July 1, 1983.[3]

We shall now turn to Kealy's final contention that challenges the action of the PLCB in failing to offer him the General Manager 1B position at its Shamokin store that allegedly arose after the Commission's adjudication on remand and also precluded the PLCB from offering

---

[3] We also note that 71 P.S. §2033(a) precludes an award of counsel fees and costs where the agency's position is "substantially justified." Section 2 of the Costs Act, 71 P.S. §2032, defines "substantially justified" as where the agency's position "has a reasonable basis in law and fact" and that the agency's failure to prevail in a proceeding or its agreement to settle does not raise a presumption that its position was not substantially justified. Here, the Commission specifically found that the PLCB acted in good faith and in reliance upon the Commission's own approval of its county-of-vacancy promotion preference policy. That finding would provide sufficient justification for a denial of an award of counsel fees and costs under 71 P.S. §2033(a).

him a General Manager 1B position in Milton. As these matters arose after the Commission's adjudication and are not in the record, we are precluded from reviewing the merit, or lack thereof, of this contention since an appellate court may not consider facts outside of the record before it.[4] *See e.g., Commonwealth v. Rini,* 285 Pa. Superior Ct. 475, 427 A.2d 1385 (1981). Accordingly, that issue is not properly before us.

In view of the foregoing, we shall reverse the Commission's adjudication and order insofar as it denies Kealy as lost wages the salary difference between a Liquor Store Clerk II and General Manager 1A from March 25, 1983, through July 19, 1985. In all other respects, we shall affirm the Commission's adjudication and order.

## ORDER

Now, June 11, 1987, the Order of the State Civil Service Commission at Appeal No. 4601, dated April 24, 1986, is reversed insofar as it denies an award, as lost wages, of the salary differential between a Liquor Store, Clerk II and General Manager 1A to James L. Kealy from March 25, 1983, through July 19, 1985. In all other respects, the Order of the Civil Service Commission is affirmed. We remand this matter for such further proceedings as are consistent with this opinion.

Jurisdiction relinquished.

---

[4] We note without expressing an opinion thereon that the positions for which Kealy claims entitlement are for a General Manager 1B while the Commission ordered the PLCB to offer him the first General Manager 1A position that became vacant in Northumberland County. A General Manager 1B is a higher classification with more responsibility and salary than a General Manager 1A. Thus, the PLCB's asserted position that it was not required by the Commission to offer Kealy a 1B position under the Commission's adjudication and order is correct.