# Department of Transportation *v.* Civil Service Commission.

342

Argued May 8, 1973, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Burton D. Morris*, Deputy Attorney General, with him *Israel Packel*, Attorney General, for appellant.

*Jerome H. Gerber*, for appellee.

OPINION BY JUDGE WILKINSON, June 29, 1973:

On September 10, 1969, the Executive Board of the Commonwealth adopted a resolution which provided in pertinent part:

"RESOLVED, That notwithstanding the action of the Executive Board, dated July 30, 1969, approving a general salary increase for State employes, effective Au-

gust 1, 1969, and the sections of the Compilation of Rules for Personnel Administration which provide for meritorious, promotional, and other salary increases within the pay ranges of the various classes in the Compensation Plan, no employes or officers of the Department of Education shall be paid more than $30,000 annually, and no individuals in any other department or agency shall receive more than $25,000 annually; and be it further. . .

"RESOLVED, That the provisions of this resolution shall not apply to physicians. . . ."

Attorneys were also excepted from the general limitation of $25,000 per year by a resolution adopted September 8, 1970.

As a result of these Executive Board resolutions, the employe was on two occasions denied a full 5% general pay increment given to Commonwealth employes. Subsequently, when employe was promoted to Highway District Engineer III, an increment engendered by the promotion was denied for the same reason. In each instance, no relief was sought by employe.

On August 10, 1972, employe became eligible for a merit increment as provided by the Personnel Rules of the Executive Board, 4 Pa. Code §27.12. When this increment was denied as a result of the resolutions noted above, employe appealed to the Civil Service Commission, alleging a violation of Section 905.1 of the Civil Service Act, Act of August 5, 1941, P. L. 752, as amended, 71 P.S. §741.905a. Section 905.1 provides: "No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin, or other non-merit factors."

Alleged violations of Section 905.1 may be appealed to the Civil Service Commission pursuant to Section 951(b) of the Civil Service Act, 71 P.S. §741.951(b). The Commission determined that the resolutions violated Section 905.1 and ordered the Department of Transportation and the Secretary of Administration to prepare and approve change sheets and payrolls to grant employe the increment of August 10, 1972.

This is not the first time that the validity of the September 10, 1969 Resolution of the Commonwealth Executive Board has been challenged. It was challenged almost immediately by an employe appealing to the State Civil Service Commission which, with a divided Commission, dismissed the appeal. The employe appealed to this Court, raising the same legal issues here involved. The Commonwealth, by stipulation filed, agreed that the appeal was well taken and that the State Civil Service Commission's order should be reversed. Pursuant to that stipulation, this Court reversed the order and restored the salary of the employe. *See Cohen v. State Civil Service Commission,* No. 797 T.D. 1970.

This was followed by separate appeals of four employes to the State Civil Service Commission. These four appeals, following the precedent established in the *Cohen* case, were all decided in favor of the employes by a unanimous Commission and were not appealed by the Commonwealth. The adjudications in these four cases were made a part of this record and were incorporated by reference in the adjudication in this case by the Commission.

While these five decisions are not binding on this Court, nevertheless, they are persuasive and the arguments of the appellant lose some of their force by the fact that the exact opposite position has been stipulated

by the Attorney General once and acquiesced in four times.

We must initially resolve the question of the Commission's jurisdiction to consider the appeal. As Section 905.1 proscribes discrimination with respect to "personnel actions," the issue is whether the denial of a merit increment, under authority of an Executive Board resolution, is a "personnel action" within the meaning of Section 905.1.

The Executive Board is clearly empowered by Section 709 of the Administrative Code, Act of April 9, 1929, P. L. 177, as amended, 71 P.S. §249, to ". . . standardize all titles, salaries and wages of persons employed by the administrative departments. . . ." Appellant persuasively argues that the resolution establishing a new maximum salary is no more a personnel action than the adoption of and changes in the compensation plan itself.

The Commonwealth, however, has in effect created two compensation plans. It has established a system of pay ranges, 4 Pa. Code §14.1; assigned the appropriate pay range to each job classification, 4 Pa. Code §19.1; and provided for pay increments at certain time intervals and for promotions, 4 Pa. Code §27.11 et seq.

In addition, the Board has interposed by resolution a new maximum salary, bearing no rational relation to the aforementioned compensation plan and which does not apply consistently to all employes. When, as here, two inconsistent compensation rules exist, surely the application of one to deny an increment otherwise forthcoming under the other is a personnel action. In the present case, employe was entitled under the regulations in 4 Pa. Code §27.12 to a merit increment.

It is also apparent that this denial was a personnel action which discriminated based upon non-merit factors. The imposition of a new maximum salary was

not a function of the nature of employe's duties, or the manner in which they were performed, but rather was contingent upon the department employing him or the academic degree he possessed. By these criteria, employee's performing equivalent services at equivalent levels of experience and ability could be compensated differently. As was clearly set forth by Judge KRAMER in *Corder v. Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, at 467, 279 A. 2d 368, at 371 (1971): "We are able to discern that the legislative intent relating to one's relationship with the classified service turns upon a merit concept. This means that any 'personnel action' carried out by the Commonwealth is to be scrutinized in the light of such merit criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. *The criteria must be job-related and in some rational and logical manner touch upon competency and ability*." (Emphasis supplied.)

On argument before this Court, appellant raises for the first time the question of whether the Commonwealth Executive Board is an indispensable party to this appeal. Under Rule 8 of the Pennsylvania Rules of Civil Procedure, which deals with the scope of appellate review from administrative agencies, it might be considered too late to raise this question here since it was not raised at the hearing before the Commission; nevertheless, we will consider it at this time.

Appellant contends that the failure of the Commission to join the Executive Board in the order granting employe's increment rendered the order nugatory for lack of a necessary party. Only the Executive Board, appellant argues, can effect changes in the compensation plan, and the appointing authority (here the Department of Transportation) is without power to pay salaries not in accordance with the plan. The remunera-

tion ordered by the Commission, however, does comport with the existing compensation plan as described above, disregarding those limitations which we here hold to be discriminatory. The appointing authority has not been required to contravene the power vested in the Executive Board, nor has the Commission usurped the Board's statutory function.

Accordingly, we enter the following

ORDER

Now, June 29, 1973, the Order of the Civil Service Commission in Appeal No. 1355, granting employe the salary increment for which he became eligible on August 10, 1972, is hereby affirmed. The Department of Transportation and the Secretary of Administration are further ordered to grant employe any additional salary increments for which he has become eligible since the date of appeal to the Civil Service Commission.

CONCURRING OPINION BY PRESIDENT JUDGE BOWMAN:

I concur in the result reached by the majority because the Commonwealth has chosen not to apply the September 10, 1969, resolution of the Executive Board uniformly and because it has apparently been interpreted and applied in such a fashion as to bring within its exception employees who happen to be physicians although these qualifications are not prescribed for the position held.

As disclosed in the majority opinion, the Commonwealth for unspecified reasons chose to settle litigation or not seek judicial review of Civil Service Commission action excluding five employees from the resolution's coverage but now seeks to enforce the resolution as to the appellee here. This is palpably unfair and discriminatory. The Commonwealth cannot be permitted to grant exception to the Executive Board resolution on

an ad hoc basis whether it be achieved by affirmative action or nonaction. The inherent discrimination afforded some of those in the excepted class (physicians) who happen to be physicians is inexplicable and unsupportable inasmuch as the job classification for the position they hold does not require such credentials. As so interpreted and applied, the exception may just as logically have singled out graduates of a particular college, regardless of the position held and the qualifications prescribed.

I do not agree with the majority, however, that the general subject matter of the resolution itself constitutes "personnel action" within the meaning of Section 905.1 of the Civil Service Act of August 5, 1941, P. L. 752, as amended, 71 P.S. §741.905a. This Section proscribes discrimination against Commonwealth employees in the classified service with respect to ". . . recruitment, examination, appointment, training, promotion, retention or any other personnel action . . . because of labor union affiliations or because of race, national origin or other non-merit factors."

In my opinion, the Executive Board, under the power and authority conferred upon it by Section 709 of the Administrative Code of 1929, Act of April 9, 1929, P. L. 177, as amended, 71 P.S. §249, may exercise its power with respect to Commonwealth employees in appropriate cases if done in a nondiscriminatory fashion even though such action may arguably be considered personnel action and based upon factors other than merit. Surely, if it is to perform its functions, it could place a ceiling on all salaries for reasons of economy or other "non-merit" factors as, in my opinion, it could modify salary ranges for the same reason. Whether such action is taken by way of amendment of the compensation plan or by other procedure is not controlling nor persuasive that the action so taken constitutes pro-

scribed personnel action if otherwise not discriminatory within the provisions of the statute and not constitutionally prohibited.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent.

I do not conclude that the failure of a state employee to receive a general salary increase due to an Executive Board resolution fixing an applicable maximum annual salary is a "personnel action" within the meaning of Section 905.1 of the Civil Service Act, Act of August 5, 1941, P. L. 752, as amended, 71 P.S. §741.905a. We recognized in *Corder v. Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, 279 A. 2d 368 (1971), that Section 905.1 was a protection against discriminatory personnel action suffered by an employee and motivated by non-merit factors. Here no discriminatory personnel action occurred as to Philip W. Amos and I would not remove from the Commonwealth the right to determine the maximum compensation to be paid to its employees for their respective services.