John J. O'Peil, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee.

John J. O'Peil, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee.

Argued January 10, 1975, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Frank J. McDonnell*, with him *Haggerty & McDonnell*, for appellant.

*J. Justin Blewitt, Jr.*, Deputy Attorney General, with him *Lawrence Silver*, Deputy Attorney General, and *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 25, 1975:

We have for our consideration two appeals filed by John J. O'Peil (O'Peil) from orders of the State Civil Service Commission (Commission). These appeals raise the single issue of whether O'Peil was entitled to merit salary increments in January 1973 and January 1974.

O'Peil was promoted to a Corporation Tax Officer II on October 29, 1971. His pay range for this position was 35 and he was at step E. On November 14, 1971, O'Peil received a general pay increase and, on January 7, 1972, he was upgraded to step F of pay range 35 and received a salary increase corresponding with his new pay range.[1]

The Commonwealth Executive Board (Board), on November 14, 1971, by duly promulgated resolution, changed the Commonwealth compensation plan by reducing the number of steps assigned to every pay range

---

[1] O'Peil's annual salary, on March 27, 1974, was approximately $14,611. He is presently in pay range 38, step F, of the Commonwealth's compensation plan.

from seven steps to six steps.[2]  At the same time, it authorized a general pay increase of 5 percent for all Commonwealth employes without exempting those who had already arrived at the eliminated seventh step.[3] However, those employes classified Corporation Tax Officer II who were at the seventh step prior to the Board's November 14, 1971 resolution have not received a merit salary increment since the date of the resolution.

When O'Peil's merit increments were not granted to him in January 1973 and January 1974, he appealed to the Commission, alleging discrimination.[4]  Section 905.1 of the Civil Service Act, Act of August 5, 1941, P. L. 752, *as amended*, 71 P.S. §741.905a (Supp. 1974-1975), provides: "No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors." Alleged violations of Section 905.1 may be appealed to the Civil Service Commission pursuant to Section 951(b) of the Civil Service Act, 71 P.S. §741.951(b) (Supp. 1974-1975).

---

[2] The Commonwealth Executive Board is empowered by Section 709(a) of The Administrative Code of 1929, Act of April 9, 1929, P. L. 177, *as amended*, 71 P.S. §249(a) (Supp. 1974-1975), to "standardize . . . all titles, salaries, and wages, of persons employed by the administrative departments . . . ."

[3] The annual salary of these employes was approximately $15,296 on March 27, 1974.

[4] O'Peil's contention which underlies this litigation is that his annual compensation is $14,611 (see note 1 *supra*) while five other employes with the same Corporation Tax Officer II classification are receiving annual compensation of $15,296 (see note 3 *supra*).

On appeal to this Court, an adjudication of the Commission shall be affirmed unless it appears that such was not in accordance with law, that any finding of fact necessary to support such adjudication is not supported by the evidence, or that the constitutional rights of the appellant have been violated. *Department of Transportation v. State Civil Service Commission,* 5 Pa. Commonwealth Ct. 263, 290 A. 2d 434 (1972). It is the duty of the Commission to determine the credibility of witnesses appearing before the Commission and to determine the value of their testimony. *Mettee v. Civil Service Commission,* 6 Pa. Commonwealth Ct. 82, 293 A. 2d 147 (1972). This Court will not weigh, but only examine, the evidence and will not substitute its judgment for that of the Commission. *Gibbs v. State Civil Service Commission,* 3 Pa. Commonwealth Ct. 230, 281 A. 2d 170 (1971).

Here the facts are not in dispute. However, we view the crucial question to be whether or not, under the factual setting of this case, the failure to award O'Peil a merit salary increment constitutes a personnel action. The rules of the Civil Service Commission state that "compensation changes, *except meritorious salary increments*" are personnel actions requiring advance written notice to the employe from the appointing authority. 4 Pa. Code §105.2.

In *Department of Transportation v. Civil Service Commission,* 9 Pa. Commonwealth Ct. 341, 306 A. 2d 428 (1973), we held that the establishment of maximum salaries by the Executive Board which had no rational relation to a compensation plan previously established and which did not apply consistently to all employees, some of whom would otherwise be entitled to merit pay increases, was a personnel action which was based upon nonmerit factors and was discriminatory in violation of Section 905.1 of the Civil Service Act. However, that

decision was based upon the existence of two conflicting compensation plans.

"The Commonwealth, however, has in effect created two compensation plans. It has established a system of pay ranges, 4 Pa. Code §14.1; assigned the appropriate pay range to each job classification, 4 Pa. Code §19.1; and provided for pay increments at certain time intervals and for promotions, 4 Pa. Code §27.11 et seq.

"In addition, the Board has interposed by resolution a new maximum salary, bearing no rational relation to the aforementioned compensation plan and which does not apply consistently to all employes. When, as here, two inconsistent compensation rules exist, surely the application of one to deny an increment otherwise forthcoming under the other is a personnel action. In the present case, employee was entitled under the regulations in 4 Pa. Code §27.12 to a merit increment." 9 Pa. Commonwealth Ct. at 345, 306 A. 2d at 430-31.

In the present case, we have only one compensation plan, *being uniformly applied,* and the failure to receive a merit salary increment, *when none is forthcoming under that one plan,* does not constitute personnel action. The adoption of or change in a compensation plan does not constitute a personnel action,[5] and therefore the Commission in the instant case was without jurisdiction to hear O'Peil's appeal under Section 951(b) of the Civil Service Act. Accordingly, we affirm the Commission's orders dismissing O'Peil's appeals, although our reason for doing so, there being no personnel action here, is different from the reason advanced by the Commission. *See Ridley Township v. Pronesti,* 431 Pa. 34, 244 A. 2d 719 (1968).

---

[5] The Executive Board, under the power and authority conferred upon it by Section 709 of The Administrative Code of 1929, *as amended,* 71 P.S. §249, may modify salary ranges for reasons of economy or other "nonmerit" factors, if not discriminatory within the provisions of the statute and not constitutionally prohibited.

Nevertheless, we have carefully reviewed the record and are satisfied that the Commission was correct in concluding that O'Peil failed to meet his burden relative to establishing discriminatory conduct on the part of the appointing authority. *See Hunter v. Jones,* 417 Pa. 372, 207 A. 2d 784 (1965). O'Peil does not claim that he is receiving less compensation than any other Corporation Tax Officer II who is at step F of his pay range. O'Peil's complaint is directed to those Corporation Tax Officers II who were at step G of the pay range prior to the Executive Board's resolution of November 14, 1971 which eliminated step G but allowed those employes to share in the general pay increase.

O'Peil's position is that "although I [O'Peil] am receiving all the compensation to which I am entitled under the law, it is unfair and discriminatory not to pay me more [alleged merit salary increments due in January 1973 and January 1974] than that to which I am entitled because five fellow employes with the same job classification receive more compensation as a result of their being given a general pay increase on November 14, 1971 when the Commonwealth compensation plan was changed by reducing the number of steps assigned to every pay range from seven steps to six steps."

We refrain from deciding whether those employes about whom O'Peil complains should have shared in the general pay increase granted to all Commonwealth employes on November 14, 1971, since that question is not before us in this appeal. Suffice it to state that we conclude that O'Peil has not met his burden of establishing discriminatory conduct toward himself where he is receiving the full compensation allowable to him by law. If some employes are receiving more than they are entitled to receive, the remedy is not to increase the compensation of those employes being properly compensated and thereby create additional improper pay levels.

Accordingly, for the above reasons, we make the following

ORDER

AND Now, this 25th day of February, 1975, the orders of the State Civil Service Commission, dated June 4, 1974 and September 30, 1974, dismissing the appeals of John J. O'Peil, are hereby affirmed.