Barry K. Snyder, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued November 16, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*W. Robert Landis,* with him *Joseph F. Wusinich, III, Landis & Wusinich,* for petitioner.

*Mark Hodgeman,* Assistant Attorney General, with him *Regis J. McCoy* and *Louis G. Cocheres,* Assistant Attorneys General, *Ward T. Williams,* Chief Counsel, and *Edward Biester,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., February 19, 1982:

This is an appeal by Barry K. Snyder from an order of the State Civil Service Commission (Commission). The Commission dismissed an earlier appeal filed by appellant. In that appeal, appellant charged his employer with engaging in discriminatory practices when it failed to promote him to a vacancy in a higher job classification.

Appellant was employed as a Civil Engineer II(E) by the Pennsylvania Department of Transportation (Department). He was so employed from September, 1972 until June, 1978, when he was furloughed.

Prior to appellant's furlough, he applied for a promotion to the position of Civil Engineer III(E). That job had become vacant in March, 1978 when a Department employee resigned the position. Although his

name appeared on a list of those eligible to assume the available position, and he received a handsome recommendation from his supervisor, appellant's request for the promotion was denied. Appellant received formal notice of the denial by memorandum dated March 23, 1978.

In late June, 1978, the unoccupied position was filled by the voluntary demotion of a Civil Engineer IV. At that time, appellant received notice of his furlough.

As a result of his non-promotion, Snyder filed an appeal on June 29, 1980 with the Commission. He alleged therein that his promotion was denied for non-merit reasons. Such a denial, appellant asserted, constituted discriminatory behavior by the Department of Transportation, Appointing Authority, in violation of the Civil Service Act (Act).[1] Additionally, appellant contended that the Appointing Authority's actions were contrary to those sections of the Act requiring that a vacant position be filled via a promotion[2], and that an appointment to such a position occur within thirty (30) days of the vacancy.[3] The Commission conducted a hearing in this matter and in November, 1979, entered an order dismissing appellant's appeal and upholding, as proper, the actions of the Appointing Authority. The instant appeal followed.

Appellant's appeal to this Court is based on allegations virtually identical to those he raised at the hearing before the Commission. We will begin by addressing ourselves to the issue of whether the Appointing Authority employed discriminatory practices in failing to promote appellant to the position of Civil Engineer III(E). We think not.

---

[1] Act of August 5, 1941, P.L. 752, *as amended* 71 P.S. §§741.1 *et seq.*

[2] Appellant cites 71 P.S. §741.501 in support of his argument.

[3] Appellant cites 71 P.S. §741.602 in support of his argument.

This Court has previously held that an employee alleging that he was the victim of unlawful discrimination in a personnel action has the burden of establishing such discriminatory conduct. *O'Peil v. State Civil Service Commission*, 16 Pa. Commonwealth Ct. 467, 332 A.2d 879 (1975). Appellant sought to discharge his burden of proof through the introduction of circumstantial evidence aimed at demonstrating that other, less qualified employees of the Department received promotions at the time that his requested promotion was denied. The Commission found that that evidence was not sufficient to sustain a charge of discrimination. We agree. The circumstances surrounding the promotions of the other employees differed from those present in appellant's situation. Moreover, the record in this case does not contain a scintilla of evidence to support appellant's allegation of discrimination. Thus, we must uphold the Commission's finding that appellant did not meet his burden of proof.

We turn now to appellant's second assertion. It is appellant's position that the Act requires that vacancies be filled through the process of promotion. In support of that contention, appellant directs our attention to Section 501 of the Act.[4] That section states in pertinent part:

> As far as in the judgment of the commission consistent with the best interest of the Commonwealth, vacancies shall be filled by promotions.

It is apparent in reading the above quoted language that vacancies will be filled by promotions *only if the Commission deems such action to be in the best interest of the Commonwealth.* Section 501 does not, as appellant urges, mandate that open positions be filled

---

[4] 71 P.S. §741.501.

through promotions. In this case, the Commission found that the Commonwealth's interests would be best served by filling the unoccupied position through a demotion.

In addition, were we to accept appellant's explanation of Section 501 of the Act, we would, in essence, be invalidating the voluntary demotion procedures of Section 706 of the Act.[5] We cannot interpret an enactment in such a manner, for sections of a statute must be construed with reference to the entire statute and not apart from their context. *Pennsylvania Insurance Department v. Adrid*, 24 Pa. Commonwealth Ct. 270, 355 A.2d 597 (1976). Thus, appellant's second argument must also fail.

Finally, we will discuss appellant's argument that the Appointing Authority failed to comply with the law when it did not fill the unoccupied position within thirty (30) days of the vacancy. Again, we find appellant's allegation to be erroneous and meritless.

Section 602 of the Civil Service Act[6] requires that a vacancy be filled within 30 days unless it is found to be in the interests of the service of the Commonwealth not to fill the vacant position. The Commission found that the failure of the Appointing Authority to fill the position in question within thirty (30) days was "understandable." We are in agreement with the Commission. The testimony of the Appointing Authority makes it clear that at the time the vacancy in question

---

[5] 71 P.S. §741.706.

Section 706 provides in part:

A demotion may also be made by an appointing authority with the approval of the director upon the written petition of the employe stating the reasons therefor and supported by such evidence as the director may require to show that the employe is able to perform the duties of the class of position to which he petitions that he be demoted.

[6] 71 P.S. §741.602.

occurred, it was not in the best interests of the Commonwealth to fill that vacancy. The anticipation of a furlough and the historic over-classification of individuals in that particular section of the Department dictated that the position not be filled until after the furlough. Therefore, the Appointing Authority's conduct was not in violation of the Act when it failed to fill the vacancy within 30 days of its creation.

On appeal to this Court, an adjudication of the Commission shall be affirmed unless it appears that such was not in accordance with the law, that any finding of fact necessary to support the adjudication is not supported by the evidence, or that the constitutional rights of the appellant have been violated. *Department of Transportation v. State Civil Service Commission*, 5 Pa. Commonwealth Ct. 263, 290 A.2d 434 (1972). For the reasons set forth, this Court concludes that the findings of the Commission are supported by substantial evidence and that no error of law has been committed. Accordingly, we must affirm the Commission's order.

ORDER

AND Now, the 19th day of February, 1982, the order of the Civil Service Commission dated November 19, 1979 is affirmed.

Judge PALLADINO did not participate in the decision in this case.