John E. Coventry and Independent State Store Union, Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

John J. Sokolowski, Jr. and Independent State Store Union, Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued November 14, 1983, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*John D. Killian, Killian & Gephart,* for petitioners.

*Gary F. DiVito,* with him *Patrick M. McHugh,* Deputy Chief Counsel, and *Earl L. Dryer,* Deputy Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 28, 1984:

Sokolowski and Coventry appeal Civil Service Commission's order denying a hearing on wage deductions. We affirm.[1]

Sokolowski, employed as a Liquor Store General Manager 1-B, and Coventry, employed as a Liquor Store Manager III, experienced unexplained cash shortages in handling deposits of state store receipts at their respective stores. A $20.00 cash deposit error occurred at Sokolowski's store and a $40.00 cash shortage occurred at Coventry's store. In both instances, the Pennsylvania Liquor Control Board conducted internal investigations and determined that the managers were responsible for the losses. The Board deducted $19.80 from Sokolowski's regular pay and $39.80 from Coventry's regular pay.

Following the salary deductions, Sokolowski and Coventry filed grievances through their union representative, alleging lack of just cause for the action. The grievances were denied.[2] The Commission subsequently held that a pay reduction is not an appeal-

---

[1] An adjudication of the Commission shall be affirmed unless it appears that such was not in accordance with the law, that any finding of fact necessary to support the adjudication is not supported by the evidence, or that constitutional rights have been violated. *Snyder v. Department of Transportation,* 64 Pa. Commonwealth Ct. 599, 604, 441 A.2d 494, 496 (1982).

[2] Since Sokolowski filed an appeal with the Commission while grievance proceedings were taking place, his grievance was closed. *See Riddick v. Cuyler,* 523 F. Supp. 258 (Pa. E.D. 1981). In denying Coventry's grievance, the Bureau of Labor Relations conducted an investigation and supported the Board's actions.

234

able personnel action under the Civil Service Act and Rules.[3] The scope of an employee's right to appeal actions of his employer is circumscribed by the Civil Service Act which has created it. *See Sterling v. Department of Environmental Resources,*     Pa.     ,

---

[3] The Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.950, provides:

> Every person in the classified service shall be furnished with written notice of *any personnel action* taken with respect to him pursuant to the provisions of this act. . . . The notice shall in the case of the permanent separation, suspension for cause, or demotion of a regular employe set forth the reason or reasons for the action. (Emphasis added.)

Section 741.951(d) of the Act, 71 P.S. §741.951(d), provides:

> [T]he commission may, upon its own motion, investigate *any personnel action* taken pursuant to this act and, in its discretion, hold public hearings, record its findings and conclusions, and make such orders as it deems appropriate. . . . (Emphasis added.)

Sokolowski and Coventry seek to include the subject salary reductions under the term "personnel action" in Sections 741.950 and 741.951(d). The Civil Service Commission Rules list the types of personnel actions encompassed under the Act but does not include salary reductions. 4 Pa. Code §105.2(a) lists the types of personnel actions as follows:

> (1) appointment;
>
> (2) promotion;
>
> (3) removal;
>
> (4) suspension;
>
> (5) demotion;
>
> (6) furlough;
>
> (7) retirement;
>
> (8) resignation;
>
> (9) transfer;
>
> (10) reassignment;
>
> (11) leave of absence;
>
> (12) extension or reduction of probationary period;
>
> (13) compensation changes, except meritorious salary increments; and
>
> (14) performance rating.

470 A.2d 101 (1983).[4] The Commission properly determined that a pay reduction is not an appealable personnel action under the Civil Service Act and Rules.

The Liquor Control Board's authority to deduct unexplained cash shortages from store manager's pay emanates from the State Stores Manual of Instructions[5] and the Memorandum of Understanding between the Board and the Independent State Store Union.[6] The record reveals the Board's Audit Division conducted a thorough investigation and determined that Sokolowski and Coventry were responsible for the cash shortages. The Board clearly has the authority to discipline the managers accordingly.

Affirmed.

## ORDER

The order of the State Civil Service Commission, No. 4225 dated November 5, 1982, is hereby affirmed.

## AMENDING ORDER

Now, April 17, 1984, this Court's Order in the above-captioned case, dated March 28, 1984, is amended to read as follows:

---

[4] Mr. Justice ZAPPALA authored this Opinion. Mr. Justice NIX did not participate in the consideration or decision of this case. Mr. Chief Justice ROBERTS and Mr. Justice McDERMOTT joined in this Opinion. Mr. Justice LARSEN filed an Opinion in Support of Reversal. Mr. Justice HUTCHINSON filed an Opinion in Support of Reversal in which Mr. Justice FLAHERTY joined.

[5] The Manual contains step-by-step instructions for proper handling of store receipts and cash. The Manual states that compliance with all procedures is the responsibility of the store general manager and the person in charge is responsible for all cash which has been accepted from store employees.

[6] The memorandum states that each manager handling cash shall be held responsible for any personal shortage and this responsibility shall be subject to a daily cash shortage allowance of twenty cents per employee per day.

The orders of the State Civil Service Commission, No. 4168 dated September 30, 1982 and No. 4225 dated November 5, 1982, are hereby affirmed.

Judge DOYLE dissents.