**Rudolph V. DALEY, Petitioner,**

v.

**FAYETTE COUNTY HOUSING AUTHORITY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1994.

Decided Dec. 28, 1994.

─────────

&ast; &ast; &ast; &ast; &ast; &ast;

Thomas D. MacMullan, for petitioner.

John M. Purcell, for respondent.

Earl R. Dryer, Asst. Counsel, for intervenor, State Civil Service Com'n.

Before SMITH and KELLEY, Judges
SILVESTRI, Senior Judge.

KELLEY, Judge.

Rudolph V. Daley appeals from an order of the State Civil Service Commission (Commission) which denied his request for a hearing on the alleged discriminatory pay scale of Daley's employer, the Fayette County Housing Authority (Authority). The Commission denied Daley's request for a hearing on the basis that the Commission lacks jurisdiction due to an agreement between the Authority and Commission stating that "the compensation of all Authority employees shall be determined by the Authority." We reverse.

Because there was no hearing before the Commission, the factual record is sparse. However, the following is a recitation of the allegations set forth in Daley's brief, supplemented by the reproduced record.

Daley is employed as an administrative assistant with the Authority, for whom he has worked for 35 years. Daley received a salary of $25,500 per year prior to receiving a $1,500 annual pay increase on July 9, 1993. Daley appealed the Authority's wage determination to the Commission alleging a non-merit factor personnel action of "reduced pay and personal vendetta" and alleged non-merit factor discrimination due to "reduced pay and personal vendetta." (Reproduced Record (R.) at 1a).

In support of his appeal, Daley alleged that at the time of his pay increase, another Authority administrative assistant, Frank Carolla, received the same $1,500 increase, but received an annual salary of $44,000, despite working for the Authority for only 18 years. Daley asserted that he and Carolla were employed as administrative assistants for approximately the same amount of time, performed similar duties, performed their jobs well, and received good performance evaluations. Daley asserted that Authority Executive Director John Marra, who made

the annual pay recommendation to the Authority Board of Directors, had "privately and publicly expressed dislike and contempt" for Daley.

Daley later amended his appeal to include supplemental facts relative to two additional Authority administrative assistants. Daley alleged that Dennis Barclay received a $3,998 pay increase and a $25,500 salary despite having less seniority than Daley and only being employed as an administrative assistant for one year. Lora DiDominic was alleged to have received a $1,000 pay increase and a $41,900 salary despite having zero years experience as an administrative assistant and less seniority than Daley.

At its September 15, 1993 meeting, the Commission concluded that it lacked jurisdiction to entertain Daley's appeal of the Authority pay scale. In so ruling, the Commission pointed to the existence of a 1976 agreement between the Authority and the Commission which established that the compensation of all Authority employees shall be determined solely by the Authority.[1] On this basis alone, Daley's request for a hearing was denied. This appeal followed.

On appeal, the sole issue for our consideration is whether the Commission has jurisdiction over a pay scale appeal brought by an employee of the Authority when the terms of an agreement between the Authority and the Commission state that the compensation of Authority employees shall be determined solely by the Authority.

■ Initially, we note that our scope of review in civil service cases is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *McGuire v. Department of Aging*, 140 Pa.Commonwealth Ct. 378, 592 A.2d 830 (1991).

Daley argues that despite the terms of the agreement, the Commission has jurisdiction

over the matter because the Civil Service Act (Act)[2] vests the Commission with jurisdiction over allegations of discrimination in retention and other personnel actions that are based on non-merit factors. 71 P.S. § 741.905a, § 741.951(b).

Further, Daley asserts that the agreement between the Commission and the Authority permitting the Authority to determine compensation does not supersede Pennsylvania Civil Service Law which specifically prohibits discrimination based on "other non-merit factors."

Lastly, Daley argues that the Commission did not make findings of fact and offered insufficient evidence in support of its decision. Specifically, Daley notes that the Commission did not set forth the reasons why the agreement should preempt state law.

Allegations of discrimination violative of section 905.1 may be heard by the Commission pursuant to its authority under section 951(b) of the Act:

> (b) Any person who is aggrieved by an alleged violation of section 905.1 of this act may appeal in writing to the commission within twenty calendar days of the alleged violation. Upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing.

Section 905.1 of the Act prohibits discrimination as follows:

> No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other *personnel action* with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or *other non-merit factors*. (Emphasis added.)

■ The burden of prosecuting a discrimination appeal under the Act rests with the employee. *Keim v. Pennsylvania Depart-*

---

1. The relevant text of the agreement reads as follows:

    [T]he compensation of all Authority employees shall be determined by the Authority in accordance with uniform schedules adopted by the Authority using the classifications established

by the Civil Service Commission as a basis for such determination.

2. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1—741.1005.

*ment of Health,* 117 Pa.Commonwealth Ct. 452, 543 A.2d 1261 (1988). The underlying factual basis of the alleged discrimination must be enumerated specifically. *Hunter v. Jones,* 417 Pa. 372, 207 A.2d 784 (1965). Discrimination cannot be inferred: there must be affirmative factual support to sustain the allegations. *Tempero v. Department of Environmental Resources,* 44 Pa.Commonwealth Ct. 235, 403 A.2d 226 (1979).

This Court has permitted the Commission to dismiss section 951(b) appeals *sua sponte* without a hearing where the appeal fails to state a claim. *Behm v. State Civil Service Commission,* 90 Pa.Commonwealth Ct. 207, 494 A.2d 1166 (1985). Therefore, we must first determine whether Daley's appeal stated sufficient facts to establish a claim. The Pennsylvania Code, 4 Pa.Code § 105.12(c), provides the following guide in determining whether an employee has stated a claim on the basis of discrimination:

(c) Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed. Specific facts which should appear on the appeal form include:

(1) The acts complained of.

(2) How the treatment differs from treatment of others similarly situated.

(3) When the acts occurred.

(4) When and how the appellant first became aware of the alleged discrimination.

■ In addition to completing the Commission's appeal request form, Daley submitted a lengthy recitation entitled "Supplemental Facts" to the Commission. (R. at 6a–7a.) Considered jointly, the appeal request and supplemental facts provide a history of his compensation and salary increase in comparison with other administrative assistants, express Daley's belief that the non-uniform compensation is discriminatory, and specifically explain the reasons for his appeal and the remedy he is seeking. Finally, Daley made specific allegations of discrimination based on non-merit factors. Accordingly, we find that Daley has met his burden of alleging specific facts relating to his discrimination claim.

■ Notwithstanding our conclusion that Daley has adequately stated a claim, we must consider whether the Commission has the proper jurisdiction to entertain such a claim in the light of the agreement. The Commission cites *Behm* and *O'Peil v. State Civil Service Commission,* 16 Pa.Commonwealth Ct. 467, 332 A.2d 879 (1975), for the proposition that the Commission lacks jurisdiction to hear the appeal in the present case under section 951(b) of the Act since "[t]he adoption of or change in a compensation plan *does not constitute a personnel action, ...*" *O'Peil,* 16 Pa.Commonwealth Ct. at 471, 332 A.2d at 881–82. However, this argument is meritless when the Commission denied Daley's request for a hearing not on the basis that it lacked jurisdiction over a non-personnel action, but rather that it lacked jurisdiction over the matter due to the terms of the agreement.

We agree that the agreement operates to grant the Authority the exclusive right to determine the compensation of all Authority personnel. This exclusive provision should not be read as an unlimited source of jurisdiction for the Authority over all matters pertaining to employee compensation. When those duly made determinations are allegedly discriminatory, aggrieved personnel must have an audience with a higher body capable of granting relief. In this case, the proper forum is the Commission, in exercise of its jurisdiction over non-merit based discrimination complaints pursuant to section 905.1(a).

We recognize that Daley may not prevail before the Commission when the merits of his argument are fleshed out; however, in this instance, having met his burden of establishing a cause of action, the terms of the agreement should not act as an obstacle in his path toward an opportunity to be heard.

Accordingly, the order of the Commission is reversed.

### ORDER

NOW, this 28th day of December, 1994, the order of the State Civil Service Commission, dated September 15, 1993, at Appeal No. 17778, is hereby reversed with instruc-

tions that a hearing be granted the petitioner in accordance with this opinion.