598 A.2d 605

**Gary L. REEVES, Petitioner,**

**v.**

**PENNSYLVANIA GAME COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1991.

Decided Oct. 18, 1991.

J. Jay Cooper, for petitioner.

William R. Pouss, Chief Counsel, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Gary L. Reeves (Reeves) appeals from an order of the Pennsylvania Game Commission (Commission) which denied his Application for Award of Reasonable Attorneys Fees and Expenses which he submitted to the Commission for expenses he incurred in the proceedings related to the retrieval of his vehicle which had been confiscated by the Commission.

On September 30, 1989, Reeves was arrested for assisting in the unlawful shooting of a deer in violation of Section 2310(a)(2) of the Game and Wildlife Code (Code), 34 Pa.C.S. § 2310(a)(2). After Reeves signed an acknowledgment of guilt form, but without notice and a hearing, the Commission seized his vehicle pursuant to Sections 2310(d) and 102 of the Code, 34 Pa.C.S. §§ 2310(d) and 102 and deemed the vehicle forfeited. Upon Reeves' request to determine the status of his vehicle, an administrative hearing was held. The Hearing Officer determined that the confiscation of Reeves' vehicle had been proper, and the Commission adopted the Hearing Officer's recommendations as a final order.

Reeves filed an appeal from the Commission's final order with this court, arguing that the statute relied upon by the Commission in confiscating his vehicle violated due process because the statute contained no provisions for notice and a

hearing. Reeves further argued that no standards existed in the Code regarding the forfeiture of vehicles. By opinion and order dated December 19, 1990, this court reversed the Commission's final order, finding that the forfeiture was unconstitutional because the Commission did not provide Reeves with procedural due process, and ordered that Reeves' vehicle be returned to his place of residence. (*See Reeves v. Pennsylvania Game Commission*, 136 Pa.Commonwealth Ct. 667, 584 A.2d 1062 (1990).)

As a result of our December 19, 1990 order, Reeves filed with the Commission an Application for Award of Reasonable Attorneys Fees and Expenses, asserting that pursuant to the Costs Act,[1] he was entitled to an award of attorneys fees and expenses he incurred in the proceedings relating to the confiscation of his vehicle. By order dated January 25, 1991, the Commission dismissed the Application for lack of jurisdiction on the grounds that the Application had not been filed within thirty days after the disposition of the adversary adjudication, and because this court had not remanded or relinquished jurisdiction in this matter to the Commission. Reeves then filed a Petition for Leave to Appeal Denial of Costs Act Application for Reasonable Fees and Expenses with this court. By order dated March 7, 1991, we granted Reeves' Petition for Leave to Appeal. That Petition is now before this court.

The issue now before us is whether pursuant to the Costs Act, Reeves is entitled to attorneys fees and expenses which he incurred in the proceedings to retrieve his vehicle which had been confiscated by the Commission.

Section 3(a) of the Costs Act, 71 P.S. § 2033(a), provides the following regarding the award of attorneys fees and other expenses:

Except as otherwise provided or prohibited by law, a Commonwealth agency that *initiates an adversary adjudication* shall award to a prevailing party, other than the Commonwealth, fees and other expenses incurred by that

1. Section 3 of the Act of December 13, 1982, P.L. 1127, *as amended,* 71 P.S. § 2033 (commonly referred to as the Costs Act).

party in connection with that proceeding, unless the adjudicative officer finds that the position of the agency, as a party to the proceeding, was substantially justified or that special circumstances made an award unjust. (Emphasis added.)

In a nutshell, three prerequisites must exist before a party may be awarded attorneys fees and costs under the Costs Act: 1) the agency must have initiated an adversary adjudication, 2) the party requesting the award must be a prevailing party, and 3) there must be a determination that the position of the agency was not substantially justified.

Reeves first contends that he is entitled to an award of attorneys fees and expenses under the Costs Act, because the Commission initiated the adversary adjudication by seizing his vehicle and declaring it forfeited after his arrest. Pursuant to Section 2 of the Costs Act, 71 P.S. § 2032, adversary adjudication is defined as an adjudication as defined in 2 Pa.C.S. § 101 (relating to definitions).[2] Under 2 Pa.C.S. § 101 adjudication is defined as follows:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities, or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term *does not include* any order based upon a proceeding before a court *or which involves the seizure or forfeiture or property,* paroles, pardons or releases from mental institutions.

Because Reeves' request for attorneys fees and expenses under the Costs Act is predicated on the Commission's seizure and subsequent forfeiture of his vehicle, and 2

**2.** Section 2 of the Costs Act, 71 P.S. § 2032, also provides that the term "adversary adjudication" does not include an adjudication:

(1) Establishing or fixing a rate;

(2) Granting, reviewing, revoking or suspending a license or registration;

(3) Resolving disputes concerning the dismissal, suspension, or discipline of any employee of this Commonwealth; or

(4) Involving any criminal charges or allegations of official wrongdoing, corruption, malfeasance or misfeasance.

Pa.C.S. § 101 provides that an adjudication does not include any matter involving the seizure or forfeiture of property, the Commission did not make or initiate any adversary adjudication against Reeves for purposes of the Costs Act. Because the Commission did not initiate an adversary adjudication against Reeves, we need not determine whether Reeves met the other two pre-requisites for an award under the Costs Act.

Accordingly, we hold that Reeves is not entitled to an award of attorneys fees and expenses pursuant to the Costs Act, and the final order of the Commission denying Reeves' Application for Award of Reasonable Attorneys Fees and Expenses is affirmed.

## ORDER

AND NOW, this 18th day of October, 1991, the final order of the Pennsylvania Game Commission, dated January 25, 1991, is affirmed.