641 A.2d 41

**Betty J. WEST, Petitioner,**

v.

**WESTERN CENTER, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1994.

Decided April 11, 1994.

James H. Logan, for petitioner.

John A. Kane, Chief Counsel, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Betty J. West (Employee) appeals from an order of the State Civil Service Commission (Commission) denying her Petition for Award of Attorney's Fees and Costs and Expenses (Costs Petition) pursuant to Section 2033 of the Costs Act.[1]

On August 17, 1992, this Court issued an opinion in favor of Employee, reinstating a promotion she had received from Western Center (Employer), a facility of the Department of Public Welfare, that Employer subsequently retracted by "involuntary demotion."[2] *West v. Department of Public Welfare,* 150 Pa.Commonwealth Ct. 59, 614 A.2d 357 (1992). In *West,* we held that the "involuntary demotion" was invalid under Section 706 of the Civil Service Act[3] because Employee's job performance had been exemplary.

1. Commonwealth Agency Adjudicatory Expenses Award Act (Costs Act), Act of June 6, 1987, P.L. 175, *as amended,* 71 P.S. § 2033.

2. This is the terminology used by Employer in its letter of November 23, 1990 to designate this personnel action.

3. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.706. Section 706 provides in pertinent part:

An appointing authority may demote to a vacant position in a lower class any employe in the classified service who does not satisfactorily

Employer's position was that its action did not constitute an involuntary demotion under Section 706, but was a proper retraction of an invalid promotion under Section 95.7(d)(3) of the Commission's rules[4] and *Pennsylvania Department of Education v. White*, 60 Pa.Commonwealth Ct. 599, 432 A.2d 291 (1981). The basis in fact for Employer's position was the content of a letter dated November 23, 1990, informing Employee of her "involuntary demotion."[5]

Employer subsequently filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, which was denied. Employee thereafter filed a Costs Petition which the Commission denied, concluding that Employer's position was substantially justified because: (1) Employer returned Employee to her original position after it was determined that she had been improperly promoted, and (2) the demotion was done in accordance with the law as Employer understood it.[6]

perform the duties of the position to which he was appointed or promoted and who is able to perform the duties of the lower class.

4. Rule 95.7(d)(3) states:

When a classification audit reveals that a position should properly be classified to a higher level, the incumbent of the position will be promoted without examination to the higher level if the incumbent possesses the established requirements for the higher classification. *West*, 150 Pa.Commonwealth Ct. at 60, 614 A.2d at 357.

5. The Commission, in its findings, effectively set forth the contents of the letter:

1. By letter dated November 23, 1990, the appointing authority informed the appellant that, effective at the close of business on January 4, 1991, she was being returned to Custodial Services Manager (CSM) 2, probationary status, through "involuntary demotion."
2. The November 23, 1990 letter further stated in pertinent part: As the result of a State Civil Service Commission audit, it has been determined that, through no fault of your own, you were improperly promoted to the IBM [Institutional Business Manager] 1 position. Specifically, the position to which you were promoted was a vacancy created by the reassignment of the former incumbent.
As such, the position should have been filled through competitive Civil Service promotion/appointment processes. Instead, Western Center promoted you through the reclassification process. Unfortunately, Western Center inadvertently did not comply with these requirements.
(Commission's Findings of Fact, Nos. 1 and 2.) (Citations omitted.)

6. The Commission stated:

On appeal,[7] Employee contends that the Commission erred as a matter of law in concluding that the position taken by Employer in demoting Employee was "substantially justified" as defined by the Costs Act.

The purpose of the Costs Act is twofold. By enactment of the statute, the legislature intended to:

(1) [d]iminish the deterrent effect of seeking review of or defending against administrative agency action by providing in specified situations an award of attorney's fees, expert witness fees and other costs against the Commonwealth.

(2) [d]eter the administrative agencies of this Commonwealth from initiating substantially unwarranted actions against individuals.

71 P.S. § 2031. In accordance with these expressed goals, the Costs Act provides that:

[e]xcept as otherwise provided or prohibited by law, a Commonwealth agency that initiates an adversary adjudication [8] *shall award* to a prevailing party, other than the Commonwealth, fees and other expenses incurred by that party in connection with that proceeding, *unless* the adjudicative officer finds that the position of the agency, as a party to the proceeding, was *substantially justified* or that special circumstances made an award unjust.

> In the present case, we find the appointing authority's actions were substantially justified, since the appointing authority returned the appellant to the CSM 2 position after it was determined that she had been improperly promoted to the IBM 1 position. Comm.Ex.A. We further find that the appointing authority's actions were substantially justified in that the appellant's removal from the IBM 1 position was done in accordance with the law as the Department understood it. R.R. at 13a–14a.

**7.** Our scope of review is limited to determining whether the employe's constitutional rights have been violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**8.** Employee's appeal of her demotion qualifies as an "adversary adjudication" under the Costs Act. *See Kealy v. Liquor Control Board,* 106 Pa.Commonwealth Ct. 527, 527 A.2d 586 (1987).

71 P.S. § 2033 (emphasis added) (footnote added). The position of an agency as a party to the proceeding is substantially justified

> when such position has a *reasonable basis in law and fact.* The failure of an agency to prevail in a proceeding ... shall not raise a presumption that the position of the agency was not substantially justified.

71 P.S. § 2032 (emphasis added).

Employee argues that the Commission erred in concluding that the agency's position had a reasonable basis in law and fact because the Commission failed to recognize that Employer's personnel action was in fact an involuntary demotion and therefore a violation of Section 706 of the Civil Service Act. We agree.

Employer's factual stance in the proceedings was that its personnel action did not constitute an involuntary demotion under Section 706 of the Civil Service Act; however, this position does not have a reasonable basis in fact. Quite the contrary, Employer rested its position solely upon mistake, not just one mistake, but several, without which Employee would never have found it necessary to commence litigation. The first mistake occurred when Employer initially failed to properly promote Employee by simultaneous reclassification and promotion under Rule 95.7(b)(5).[9] The second mistake was in characterizing Employer's promotion attempt as an inadvertent failure to comply with the requirements for *competitive* Civil Service promotion when Employee had actually

9. This Court stated:
   It is clear from the record that Employer intended its original personnel action to be both the reclassification of a position and the promotion of an individual at the same time.... However, Employer failed in its attempt to accomplish both actions simultaneously, and later attempted to correct its error with an invalid personnel action. Employe correctly argues that "she fit within the regulatory guidelines of 4 Pa.Code § 95.7(b)(5)." ... Employer relied instead, on section 95.7(d)(3) for the promotion, and now attempts to demote Employe by admitting that it made a mistake.
   *West,* 150 Pa.Commonwealth Ct. at 63, 614 A.2d at 359 (citations omitted).

been *recruited* to fill the vacancy.[10]  The third mistake was in giving Employee notice of an "involuntary demotion" while providing a totally inappropriate explanation.[11]  The compound effect of this series of errors was to force Employee to litigate in order to understand what exactly had happened to her.  We believe that the Costs Act is especially directed at this sort of situation; i.e., one where an individual has been so subjected to the unreasonable actions of an administrative agency that there is no other recourse than to litigate in order to straighten things out.[12]

Employer also contends that there is a reasonable basis *in law* for its position.  However, we need not reach this matter because we find no reasonable basis *in fact* for the position of Employer in these proceedings.

Accordingly, we reverse.

### ORDER

AND NOW, this 11th day of April, 1994, the order of the State Civil Service Commission, dated August 27, 1993, is reversed.

**10.**  Employer notified Employee in its letter of November 23, 1990 that the position should have been filled through a competitive process despite the fact that Employee was recruited, *West,* 150 Pa.Commonwealth Ct. at 64, 614 A.2d at 360, and qualified for promotion under the regulatory guidelines of 4 Pa.Code § 95.7(b)(5), which provide in pertinent part:

(b) Vacancies may be filled by promotion in the following ways:

. . . .

(5) by appointment of regular employes without formal examination, based upon meritorious service, seniority, and the unqualified recommendation of the employe's immediate superior and the appointing authority.

**11.**  Employer informed Employee that the action taken was an involuntary demotion, but the explanation offered was unrelated to the law governing involuntary demotions.  *See* Commission's Findings of Fact, Nos. 1 and 2.

**12.**  Section 2031 of the Act states in pertinent part:

(a) The General Assembly finds that certain individuals ... may be deterred from seeking review of ... *unreasonable action of administrative agencies* because of the expense involved in securing the vindication of their rights in administrative and review proceedings.  71 P.S. § 2031 (emphasis added).