**Jeffrey STAUB, Petitioner,**

v.

**DEPARTMENT OF STATE, STATE REGISTRATION BOARD FOR PROFESSIONAL ENGINEERS, LAND SURVEYORS AND GEOLOGISTS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 1997.

Decided April 9, 1998.

Reargument Denied June 3, 1998.

Frank P. Clark, Hummelstown, for petitioner.

John T. Henderson, Jr., Harrisburg, for respondent.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

COLINS, President Judge.

Jeffrey Staub (Staub) petitions for review of the May 23, 1997 order of the State Registration Board for Professional Engineers, Land Surveyors and Geologists (Board), denying Staub's application for attorney fees and expenses under the Administrative Agency Actions Act, Act of December 13, 1982, P.L. 1127, *as amended*, 71 P.S. §§ 2031–2035 (Costs Act).

On February 16, 1996, the Board filed an order to show cause, charging Staub with having violated Section 4(g)(5) of the Engineers, Land Surveyors and Geologists Registration Law, Act of May 23, 1945, P.L. 913, 63 P.S. § 151(g)(5) (the Law), which provides, in pertinent part:

It shall be considered unprofessional and inconsistent with honorable and dignified bearing for any professional engineer, professional land surveyor or professional geologist:

. . . .

(5) To review the work of another engineer, land surveyor or geologist for the same client, except with the knowledge of such engineer, land surveyor or geologist, or unless the connection of such engineer, land surveyor or geologist with the work has terminated.

63 P.S. § 151(g)(5).

The order to show cause alleged that in violation of Section 4(g)(5) of the Law, 63 P.S. § 151(g)(5), Staub, who was hired in June of 1994 by the Triad Development Corporation (Triad), reviewed, at Triad's request, a preliminary submission plan for a residential development in East Hanover Township that had been prepared for Triad by Melham Associates (MA). The order to show cause further alleged that Staub's review was conducted without MA's knowledge and prior to August 10, 1994, the date on which MA's relationship with the project was formally terminated, as documented by a letter from Triad. Finally, the order to show cause indicated that the Board's finding of a violation could result in the revocation, suspension, or restriction of Staub's license and the imposition of a one thousand dollar ($1,000.00) civil penalty per violation.

A brief synopsis of the event leading to the order to show cause follows. The president of MA, John Melham (Melham), contacted Staub upon learning that the latter had been retained by Triad prior to terminating its relationship with MA. Allegedly, Staub admitted that Triad had hired him to review MA's preliminary submission plan, proffer his opinion thereof, and to prepare another plan that would, to an extent, mirror MA's plan.

Based on the foregoing, Melham filed a complaint with the Board that led to the filing of the order to show cause. On April 11, 1996, the Board delegated the matter to the Hearing Examiner's Office in accordance with Section 4(g)(5) of the Law, 63 P.S. § 151(g)(5). After a hearing was conducted on May 31, 1996, the Hearing Examiner issued a proposed adjudication and order on January 16, 1997, dismissing the order to show cause, which decision was adopted by the Board on April 16, 1997.

On May 16, 1997, Staub applied to the Board for an award of attorney fees and expenses under Section 3(a) of the Costs Act, 71 P.S. § 2033(a), which provides the following:

> Except as otherwise provided or prohibited by law, a Commonwealth agency that initiates an adversary adjudication shall award to a prevailing party, other than the Commonwealth, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer finds that the position of the agency, as a party to the proceeding, was substantially justified or that special circumstances made an award unjust.

The Board denied Staub's application on May 23, 1997, and on June 20, 1997, Staub filed a petition for leave to appeal the Board's determination, which petition was granted on July 28, 1997.

■ Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary findings of fact are not supported by substantial evidence. *West v. Western Center, Department of Public Welfare*, 163 Pa.Cmwlth. 315, 641 A.2d 41 (1994).

Staub contends that the legislative intent of the Costs Act was to reimburse a party who is unreasonably compelled to litigate an adverse administrative adjudication that is not substantially justified in law or in fact. Staub maintains that the Board's failure to prove any *prima facie* violation of the law in his case establishes that the charges against him were not substantially justified, thereby warranting reimbursement of his attorney fees and costs under the Costs Act.

■ The purposes of the Costs Act were set forth by this Court in *West* as follows:

> (1) [t]o diminish the deterrent effect of seeking review of or defending against administrative agency action by providing in specified situations an award of attorney's fees, expert witness fees and other costs against the Commonwealth.

> (2) [t]o deter the administrative agencies of this Commonwealth from initiating substantially unwarranted actions against individuals. 71 P.S. § 2031.

163 Pa.Cmwlth. 315, 641 A.2d 41, 42 (1994). Before a party may be awarded attorney fees and costs under the Costs Act, the following "three prerequisites must exist ... 1) the agency must have initiated an adversary adjudication, 2) the party requesting the award must be a prevailing party, and 3) there must be a determination that the position of the

agency was not substantially justified." *Reeves v. Pennsylvania Game Commission*, 143 Pa.Cmwlth. 76, 598 A.2d 605, 607 (1991). By way of additional clarification, we note that Section 2 of the Costs Act, 71 P.S. § 2032, provides that the term "adversary adjudication" does not include an adjudication: (1) establishing or fixing a rate; (2) granting, reviewing, revoking or suspending a license or registration. *Id.* 598 A.2d at 607 n. 2. The Board's May 21, 1997 order precluding any award of attorney fees and costs to Staub states that it never initiated an "adversary adjudication" in Staub's case and that, regardless, any proceeding addressing the revocation or suspension of a license is exempt from the Costs Act provision awarding attorney fees and costs to a successful party.

After review of the record, we disagree with the Board's reasoning. Unequivocally, it was the Board that brought the order to show cause why Staub should not be found in violation of 63 P.S. § 151g(5), for allegedly reviewing the work of another engineer (John Melham) (a) without the knowledge of that engineer or (b) before that engineer's relationship with Triad was terminated. To the extent that Staub was placed in the position of defending himself against the foregoing charges, it can be said that an "adversary adjudication" against him was initiated by the Board.

■ Secondly, this Court has found that if the agency fails to adduce any competent evidence to prove the facts required to support its actions, then the position of the agency is not substantially justified, and the prevailing party challenging the agency's actions is entitled to an award under the Costs Act.... The testimony of an expert witness offered by an agency to support its actions will be deemed not competent if it has no basis in law and fact. *Pennsylvania Department of Environmental Resources v. McDonald Land & Mining Company*, 664 A.2d 190, 194 (Pa.Cmwlth. 1995). In the present matter, the Hearing Examiner, in his January 16, 1997 decision, found John Melham to be a "landscape architect licensed with the Commonwealth of Pennsylvania," but not a "professional engineer" within the meaning of Section 151(g)(5) of the Costs Act. The hearing examiner further found that from the evidence of record, it was impossible to determine who prepared the drawings for Triad and if said preparer was a professional engineer or under the direct supervision of a professional engineer. Therefore, the hearing examiner concluded and the Board affirmed that "[t]he Commonwealth did not prove that the work in question, the drawings prepared by Melham Associates, ... was the work of another engineer." This significant evidentiary failure on the Commonwealth's part renders the Board's order to show cause not substantially justified, considering that research into the record prior to issuing such an order would have disclosed that Melham was neither himself an engineer, nor directly supervising an engineer with respect to his work for Triad.

■ Finally, as to the Board's caveat that the Costs Act does not apply in cases of license revocation or suspension, we note that strictly speaking, Staub's case before the Board required a determination as to whether certain conduct violated Section 4(g)(5) of the Law, 63 P.S. § 151(g)(5), not a decision whether or not to revoke or suspend Staub's engineering license, even though the latter was posited as one of the possible penalties for such a violation.

Accordingly, the Board's order is reversed, and the matter is remanded to the Board to make the appropriate award of attorney fees and costs to Staub.

### ORDER

AND NOW, this 9th day of April, 1998, the May 23, 1997 order of the State Registration Board for Professional Engineers, Land Surveyors and Geologists in the above-captioned matter is reversed, and the matter is remanded to the Board to make the appropriate award of attorney fees and costs to Jeffrey Staub.

Jurisdiction relinquished.