Diana GIOVAGNOLI, Petitioner

v.

CIVIL SERVICE COMMISSION (Monroe County Children and Youth Services), Respondent.

Diana Giovagnoli, Petitioner

v.

State Civil Service Commission (Monroe County Children and Youth Services), Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2005.
Decided Jan. 20, 2006.

Kevin A. Hardy, Stroudsburg, for petitioner.

Sean M. Hart, Allentown, for respondent.

BEFORE: COLINS, President Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

The above-captioned cases have been consolidated for argument and for this

Court's disposition on remand from the Supreme Court of Pennsylvania with regard to Petitioner Diana Giovagnoli's petition for attorney fees pursuant to the Commonwealth Agency Adjudicatory Expenses Award Law, often referred to as the "Costs Act." [1]

In July of 1997, Diana Giovagnoli was terminated from her employment as a caseworker with Monroe County Children and Youth Services (CYS). Giovagnoli appealed her dismissal to the State Civil Service Commission (Commission), requesting reinstatement and back wages. After conducting hearings, the Commission determined that Giovagnoli had been improperly discharged and was entitled to be reinstated, but did not award her back wages. Giovagnoli appealed to this Court, which remanded the matter to the Commission for the award of back wages. The Commission, on remand, directed CYS to pay Giovagnoli wages and benefits she would have received had she remained employed. Because the parties could not agree, the Commission held a hearing and issued an order settling the amount.

Thereafter, Giovagnoli filed with the Commission a petition seeking an award of attorney fees, costs, and expenses. CYS in response averred that Giovagnoli had not provided any authority or factual basis that would support an award of counsel fees. The Commission concurred with CYS and, on June 19, 2002, denied Giovagnoli's petition. Giovagnoli appealed the denial to Commonwealth Court, which quashed her petition seeking review of the order denying attorney fees. *Giovagnoli v. Civil Service Commission,* 823 A.2d 223, 235–36 (Pa.Cmwlth.2003).

With respect to its decision to quash, Commonwealth Court noted that Section 3(e) of the Costs Act provides for limited appellate review, as follows:

> (e) A party dissatisfied with the fee determination made under subsection (a) *may petition for leave to appeal* such fee determination to the court having jurisdiction to review final orders of a Commonwealth agency under 42 Pa.C.S. (relating to judiciary and judicial procedure). If the court denies the *petition for leave to appeal,* no appeal may be taken from the denial. If the court grants the petition, review of the fee determination shall be in accordance with the standards in 2 Pa.C.S. § 704 (relating to disposition of appeal).

71 P.S. § 2033(e) (emphasis added).

The term, "adversary adjudication" is defined as excluding proceedings "[r]esolving disputes concerning the dismissal ... of any employee of this Commonwealth." Section 2 of the Costs Act, 71 P.S. § 2032. This Court further explained that it previously had recognized that review of a Costs Act decision is permissible only where a petition expressly styled as one seeking leave to appeal has been filed and granted. *See Giovagnoli,* 823 A.2d at 236 (citing *Filice v. Department of Labor and Industry,* 660 A.2d 241 (Pa.Cmwlth.1995)). Because Giovagnoli had filed a "petition for review," rather than a "petition for leave to appeal," this Court determined that she had "neither sought nor been granted leave to appeal from the Commission's order denying the grant of attorney fees, as required under Section 3(e) of the Costs Act."

After appealing this Court's decision to the Supreme Court, Giovagnoli was permitted to appeal from this Court's determination in order to examine whether the

---

1. Act of December 13, 1982, P.L. 1127, as amended, 71 P.S. §§ 2031–2034 ("Costs Act").

Commonwealth Court's dependence upon the proper *form* of her petition constituted a sufficient basis to support its order quashing it. In its February 23, 2005 decision, the Supreme Court stated that "the requirement to file a petition for leave to appeal does not arise from the Appellate Procedural Rules or involve a right to appeal, but rather, is premised on a statute, Section 3(e) of the Costs Act." The Supreme Court further reasoned that the scope of the General Assembly's intention, as reflected in Section 708 of the Judicial Code, is sufficiently broad to encompass an erroneously labeled petition for leave to appeal, as in the present matter, and that a decision to dismiss or quash an appeal or a petition for leave to appeal need not be based on jurisdictional concerns, but should be consistent with the "statutory and rule-based emphasis on substance over form."

In this regard, the Supreme Court found that although this Court did not expressly base its quashing of Giovagnoli's appeal on jurisdictional grounds, it nevertheless erroneously relied upon *Department of Environmental Resources v. Oermann*, 158 Pa.Cmwlth. 560, 632 A.2d 603 (1993), which raised the issue of jurisdiction. The Supreme Court determined that Commonwealth Court had not presented any "substantial, substantive deficiency in Giovagnoli's petition such as might otherwise warrant the dismissal." Accordingly, the Supreme Court vacated Commonwealth Court's order and remanded the matter for further consideration, allowing for its possible dismissal based upon *substantive deficiency*, or for its possible denial pursuant to the exercise of Commonwealth Court's discretion under the Costs Act.

On appeal, Giovagnoli contends that CYS commenced the present adjudicatory action against her by wrongfully terminating her, by discriminating against her, and by not providing her the benefits to which she was entitled. Giovagnoli avers that her petition filed with the Commission against CYS presented the elements of an "adversary adjudication" because: (1) it averred that CYS discriminated against her; (2) it sought reimbursement to Giovagnoli for benefits owed; and (3) petitions alleging wrongful discharge should be considered adversary adjudications under 71 P.S. § 2033.

Giovagnoli also argues that because she won her legal action establishing that CYS had no justification for terminating her employment, she is entitled to attorney fees and expenses in the amount of $10,000.00 pursuant to Section 3 of the Costs Act, 71 P.S. § 2033, and that because CYS exhibited obdurate, vexatious, and dilatory conduct throughout the case, she is also entitled to attorney fees pursuant to 42 Pa.C.S. § 2503(7).

In rebutting Giovagnoli's contentions, CYS maintains that: (1) procedurally, Giovagnoli failed to provide specific information to meet the statutory pleading requirements under the Costs Act, 71 P.S. § 2033, for a successful claim for attorney fees; (2) substantively, Giovagnoli is not entitled to attorney fees against a Commonwealth agency because she did not have an "adversary adjudication" within the meaning of the Costs Act, because her adjudication involved the dismissal of a Commonwealth employee, which is excluded by the Costs Act (71 P.S. § 2032), and because CYS did not initiate the proceedings as required by the Costs Act for the imposition of attorney fees; (3) Giovagnoli's claim of discrimination, which would remove the matter from the Cost Act's restrictions on adversary adjudications, must also fail because Giovagnoli did not prevail in her discrimination claim, leaving her prevailing only with respect to her

termination, which is not an "adversary adjudication" entitling her to an award of attorney fees; (4) The facts of this case evince that CYS did not engage in any conduct that could be considered obdurate or vexatious, and that even assuming *arguendo* that CYS did engage in such conduct, as a Commonwealth agency it is immune from any liability for attorney fees pursuant to 42 Pa.C.S. § 8521 or § 8541 since the award of attorney fees for such conduct is not one of the enumerated exceptions to sovereign immunity.

■ Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary findings of fact are not supported by substantial evidence. *Staub v. Department of State*, 710 A.2d 137 (Pa.Cmwlth.1998). Upon review of the record, we conclude that the State Civil Service Commission (Commission) did not commit an abuse of discretion or an error of law when it denied Giovagnoli's petition for attorney fees, costs, and expenses.

■ In *Reeves v. Pennsylvania Game Commission*, 143 Pa.Cmwlth. 76, 598 A.2d 605 (1991), the petitioner applied to the Pennsylvania Game Commission for an award of reasonable attorney fees and expenses pursuant to the Costs Act.[2] The Game Commission dismissed petitioner's application for lack of jurisdiction on the grounds that the latter had not been filed within thirty days after the disposition of the adversary adjudication, and because this Court had not remanded or relinquished jurisdiction to the Game Commis-

sion in this matter. The petitioner thereafter filed a petition for leave to appeal the denial of his Costs Act application for reasonable fees and expenses, which appeal this Court granted. Reeves contended that he was entitled to an award of attorney fees and expenses because the Game Commission initiated the adversary adjudication by seizing his vehicle and declaring it forfeited after his arrest. In addressing the claim of entitlement to attorney fees and expenses, this Court provided the following analysis:

> In a nutshell, three prerequisites must exist before a party may be awarded attorneys fees and costs under the Costs Act: 1) the agency must have initiated an adversary adjudication, 2) the party requesting the award must be a prevailing party, and 3) there must be a determination that the position of the agency was not substantially justified.
>
> . . . .
>
> Pursuant to Section 2 of the Costs Act, 71 P.S. § 2032, adversary adjudication is defined as an adjudication as defined in 2 Pa.C.S. § 101 (relating to definitions). Under 2 Pa.C.S. § 101 adjudication is defined as follows:
>
> > Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privilege, immunities, duties, liabilities, or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which

---

**2.** Section 3(a) of the Costs Act, 71 P.S. § 2033(a), provides the following regarding the award of attorneys fees and other expenses:

> Except as otherwise provided or prohibited by law, a Commonwealth agency that initiates an adversary adjudication shall award to a prevailing party, other than the Commonwealth, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer finds that the position of the agency, as a party to the proceeding, was substantially justified or that special circumstances made an award unjust.

involves the seizure or forfeiture or property, paroles, pardons or releases from mental institutions.

598 A.2d at 607 (footnote omitted). This Court in *Reeves* affirmed the Game Commission's rejection of petitioner's application for attorney fees and costs, stating that "2 Pa.C.S. § 101 provides that an adjudication does not include any matter involving the seizure or forfeiture of property, [therefore] the Commission did not make or initiate any adversary adjudication against Reeves for purposes of the Costs Act." *Id.* In *Reeves*, the Court further noted that an "adversary adjudication" as defined in Section 2 of the Costs Act has several exclusions, including "resolving disputes concerning the dismissal, suspension or discipline of any employee of this Commonwealth." *Id.* n. 2.

The rationale applied by this Court in *Reeves* is equally applicable in the present matter, and we conclude that the Commission did not err in denying Giovagnoli's application for attorney fees and costs since she did not have an "adversary adjudication" within the meaning of the Costs Act, because her adjudication involved her dismissal as a Commonwealth employee, which is excluded by the Costs Act (71 P.S. § 2032), and because CYS did not initiate the proceedings against Giovagnoli as required by the Costs Act for awarding attorney fees. Additionally, because Giovagnoli did not prevail in her discrimination claim, she cannot rely upon it to remove the matter from the Cost Act's adversary adjudication restrictions.

Accordingly, based upon the above discussion, we affirm the Commission's denial of Giovagnoli's petition for attorney fees and costs.

### ORDER

AND NOW, this 20th day of January 2006, the order of the Civil Service Commission (Monroe County Children and Youth Services) denying Petitioner's petition for attorney fees and costs in the above-captioned matter is affirmed.